STATE of Iowa, Appellee,

v.

Dewey ALLISON, Appellant.

No. 97–321.

Supreme Court of Iowa.

March 25, 1998.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, John Sarcone, County Attorney, and Michael Hunter, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

On April 8, 1996, the defendant, Dewey Allison, stole a wallet from John Kendeigh's locker at a fitness center and used Kendeigh's credit card to make purchases at five different stores in a shopping mall. None of the individual purchases exceeded $1000 in value although in the aggregate they did. On May 13, 1996, the defendant stole a wallet from Victor Barrera's locker and used Barrera's credit card to make purchases at three stores. Again, none of the individual purchases exceeded $1000 in value but cumulatively they did.

The defendant was arrested and charged with two felony violations of Iowa Code sections 715A.1 and 715A.6 (1995) (use of a stolen credit card). A jury found the defendant guilty as charged and he was also adjudged guilty of being an habitual offender. He was sentenced to concurrent fifteen-year sentences on each count and is not eligible for parole until he has served at least three years. Iowa Code §§ 902.8, 902.9(2).

On appeal, the defendant argues that under section 715A.6 the State was not allowed to aggregate the value of the items he charged, and it should have charged him with aggravated misdemeanors rather than felony offenses. He contends his trial counsel was ineffective in failing to move to dismiss the trial information on this ground. He also claims his trial counsel was ineffective in failing to object to a jury instruction which directed the jury to aggregate the value of the separate items the defendant had obtained with the stolen credit cards.

The State concedes that unlike the theft statute found in Iowa Code section 714.3, chapter 715A does not contain any language which expressly provides for the aggregation of the value of items obtained through the use of a stolen credit card. However, the State contends that in a prosecution for forgery by credit card, the plain meaning of the statute authorizes the aggregation of value and this is a continuing offense in which the amount of the credit card purchases are to be totaled to constitute one offense. The State further contends the defendant cannot establish he was prejudiced by his counsel's alleged errors and any claim of ineffective assistance should be preserved for postconviction proceedings.

 To establish a claim of ineffective assistance, a defendant must demonstrate that his counsel's performance fell outside the normal range of competency and the deficient performance so prejudiced him as to give rise to a reasonable probability that, but for counsel's errors, the results of the proceedings would have been different. *State v. McKettrick,* 480 N.W.2d 52, 55 (Iowa 1992). The court's review of claims of ineffective assistance of counsel is de novo. *Id.*

 When a statute is plain and its meaning clear, a court looks no farther than the express terms of the statute. *State v. Koplin,* 402 N.W.2d 423, 425 (Iowa 1987). When ambiguities exist, the court's goal is to give effect to legislative intent. *State v. Phillips,* 569 N.W.2d 816, 818 (Iowa 1997). In determining legislative intent, a court may look to prior statutory enactments for guidance. *See* Iowa Code § 4.6(4); *Phillips,* 569 N.W.2d at 818; *Christenson v. Iowa Dist. Ct.,* 557 N.W.2d 259, 261 (Iowa 1996). When penal statutes are examined, they must be strictly construed, and all doubts must be resolved against the State and in favor of the accused. *Phillips,* 569 N.W.2d at 818.

 Iowa Code section 715A.6 provides in relevant part:

1. A person commits a public offense by using a credit card for the purpose of obtaining property or services with knowledge of any of the following:

 a. The credit card is stolen or forged.

. . . .

2. An offense under this section is a class "D" felony if the value of the property or services secured or sought to be secured by means of the credit card is greater than one thousand dollars, otherwise the offense is an aggravated misdemeanor.

Unlike sections 714.3 (theft) and 714.14 (fraudulent practices), chapter 715A does not expressly provide for the aggregation of the value of the items obtained with a stolen credit card. Prior credit card forgery statutes included such authority. *See* 1983 Iowa Acts ch. 183, § 1 (codified at Iowa Code § 715.6 (1985)); 1971 Iowa Acts ch. 273 (codified at Iowa Code § 713.42 (1973)).

In 1987 chapter 715 was repealed and chapter 715A (forgery and related fraudulent criminal acts) was adopted. Chapter 715A incorporated some but not all of the coverage of former chapter 715. Chapter 715A included a specific section which addressed the illegal use of credit cards. Iowa Code § 715A.6. Unlike its predecessor, chapter 715A does not contain language authorizing the aggregation of the value of items or services obtained by the forged or fraudulent use of a stolen credit card. This court has previously indicated a change in the law is presumed when a new law does not contain language included in its predecessor. *See Nelson v. Restaurants of Iowa, Inc.,* 338 N.W.2d 881, 884 (Iowa 1983) (where new law deleted provision for damages that had been a part of the prior law, the deletion gave rise to presumption that such damages were no longer available).

We have not previously construed section 715A.6. It was modeled after section 224.6 of the Model Penal Code. Contrary to the State's assertion, neither the text of the Model Penal Code nor its commentary indicate the statute was to be read to authorize the aggregation of the value of property obtained with stolen credit cards. In fact, the commentary notes that some states vary from the Model Penal Code by providing that the amount involved in an offense can be derived from a series of credit card offenses. Model Penal Code § 224.6 cmt. 3 (1980) (noting that

some states define the amount involved "not from a single transaction but rather from a series of transactions within a given time period"). The comment observes that such an approach is "extremely useful" for repeated violations where each single transaction involves only a small amount. *Id.*

We reject the State's contention that the authority to aggregate the value of the credit card transactions is inherent within the "plain meaning" of the statute. It is readily apparent such aggregation is not authorized by the present language of section 715A.6. The legislature has previously demonstrated a clear ability to grant such authority, but, for unknown reasons, it chose not to include it in chapter 715A. In light of the legislature's failure to include aggregation language in chapter 715A and our duty to strictly construe penal statutes in favor of a defendant, we conclude the State was not entitled to aggregate the value of the items purchased with the stolen credit cards.

We also reject the State's argument that the defendant was not prejudiced by his counsel's error. We have previously held defense counsel can be ineffective for failing to challenge whether a defendant was properly charged even when it has not been previously determined whether a statute is applicable to a specific type of offense. *See State v. Schoelerman,* 315 N.W.2d 67, 72 (Iowa 1982) (counsel ineffective in failing to challenge whether defendant should have been charged with theft rather than with false use of a financial instrument). In this case defense counsel was aware section 715A.6 did not contain a provision for aggregating value yet he failed to challenge the trial information and the jury instruction which allowed such aggregation. *See id.* (counsel had duty to challenge whether defendant was mischarged even if he was uncertain as to which statute applied to his client's case). It is implausible that counsel's failure to object to the aggregation of value was a matter of trial strategy since it resulted in the elevation of the offenses from aggravated misdemeanors to felonies. *See State v. Hrbek,* 336 N.W.2d 431, 436 (Iowa 1983) (ineffective assistance claim would be addressed on direct appeal when it would be

difficult to attribute counsel's omission to mere improvident trial strategy, miscalculated tactics, or mistaken judgment).

In conclusion, we hold the aggregation of the value of items obtained with stolen credit cards is not authorized under section 715A.6. Defense counsel was ineffective in failing to object to such aggregation and the defendant was prejudiced by his counsel's error. The defendant's convictions are reversed and the case is remanded for a new trial.

**REVERSED AND REMANDED.**