**STATE of Iowa, Appellee,**

v.

**Monzelle MILLER, Appellant.**

No. 97–1930.

Supreme Court of Iowa.

March 24, 1999.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeffrey K. Noble, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

PER CURIAM.

The defendant, Monzelle Miller, challenges her conviction for forgery by credit card and being an habitual offender. *See* Iowa Code §§ 715A.6, 902.8 (1997). The court of appeals affirmed her conviction, but preserved her ineffective-assistance-of-counsel claim for postconviction relief proceedings. On further review, we vacate the court of appeals

decision and remand the case to the district court for dismissal of the charge.

## I. *Background Facts and Proceedings.*

The State charged Miller with two counts of forgery by credit card on August 4, 1997. *See* Iowa Code §§ 715A.1, .6. In count I, the State alleged Miller committed a class "D" felony by obtaining over $1000 worth of merchandise at Merle Hay Mall with two stolen credit cards. *See id.* § 715A.6(2). This charge was premised upon the aggregation of four separate purchases.[1] In count II, the State alleged Miller purchased merchandise at a store in Valley West Mall with a third stolen credit card. The State charged this offense as an aggravated misdemeanor because the purchases were under $1000. *See id.* The State later amended the trial information to include an habitual offender allegation under Iowa Code section 902.8 due to Miller's prior felony convictions.

On October 21, 1997, Miller, pursuant to a plea agreement, entered an *Alford* plea to count I, the felony violation. She also admitted she was an habitual offender. The court imposed an indeterminate fifteen-year prison term. *See* Iowa Code § 902.9(2). The sentence was ordered to run concurrently with sentences imposed in another case.

On appeal, Miller argues her trial counsel was ineffective for allowing her to plead guilty to the forgery charge because her plea lacked a factual basis. Citing *State v. Allison*, 576 N.W.2d 371 (Iowa 1998), she asserts the State improperly aggregated the amounts of the items obtained by the stolen credit cards to elevate the offense to a class "D" felony. She also contends a defendant should be allowed to directly challenge the factual basis for a plea regardless of the failure to file a motion in arrest of judgment. The State concedes *Allison* "would in all likelihood apply" but contends *Allison* had not been decided at the time Miller entered her plea, and counsel could not have breached any duty for failing to foresee our interpretation of section 715A.6. The State further argues Miller has not satisfied her burden to prove prejudice because she received a favorable plea agreement.

## II. *Analysis.*

Miller's failure to file a motion in arrest of judgment precludes her from attacking the guilty plea directly. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). We decline to abrogate this long-standing error preservation rule. Miller, however, may challenge the guilty plea through an ineffective-assistance-of-counsel claim. *See id.*

Miller's constitutional claim of ineffective assistance of counsel is reviewed de novo. U.S. Const. amend. VI; *State v. Yaw*, 398 N.W.2d 803, 805 (Iowa 1987). To succeed, she must prove her counsel failed to perform an essential duty, and she was prejudiced by her counsel's error. *See Brooks*, 555 N.W.2d at 448.

We have previously set forth the proper analysis for reviewing ineffective-assistance-of-counsel claims resulting from counsel allowing a defendant to plead guilty to a charge for which a factual basis does not exist and then failing to file a motion in arrest of judgment:

> We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea. On the other hand, where a factual basis exists for the plea, counsel usually will not be found ineffective for allowing the defendant to plead guilty.

*Id.* (citations omitted).

Miller claims her counsel was ineffective for allowing her to plead guilty to the offense because a factual basis did not exist for her plea. Our resolution of her claim is controlled by our decision in *State v. Allison.*

In *Allison*, the defendant was convicted of a class "D" felony under section 715A.6 for making various purchases totaling over $1000 with a stolen credit card. *Allison*, 576 N.W.2d at 372. Allison's trial counsel did not object to the aggregation of the purchases. *Id.* We determined section 715A.6 does not

---

1. The State alleged Miller purchased merchandise with one stolen credit card at Younkers totaling $525, FootAction USA totaling $136.46, and Sunglass Hut totaling $77.68. It also claimed she used another stolen credit card to purchase $515.48 in merchandise from Sears.

provide for the aggregation of purchase amounts for the offense of forgery by credit card, and found counsel was ineffective for failing to object to the aggregation, despite the fact the issue had not been previously addressed by the appellate courts. *Id.* at 374. We further concluded it was implausible that counsel's failure was a matter of trial strategy since it resulted in the elevation of the offenses from aggravated misdemeanors to felonies. *Id.*

Miller's situation is indistinguishable from *Allison.* The State improperly charged Miller with a class "D" felony based upon the aggregation of the values of the separate purchases. She should have only been charged with aggravated misdemeanor offenses under section 715A.6(2). A factual basis did not exist for Miller's guilty plea to a felony violation of forgery by credit card. *See id.* Trial counsel should have attacked the factual basis for the plea. *See Brooks,* 555 N.W.2d at 448; *State v. Hack,* 545 N.W.2d 262, 263 (Iowa 1996).

To compound the matter, the improperly charged felony triggered the habitual offender provision of section 902.8, thereby tripling Miller's sentence to a maximum term of fifteen years, with a minimum term of incarceration of three years. *See* Iowa Code §§ 902.8, 902.9(2), 902.9(4). Miller was clearly prejudiced by the State's improper charging and her counsel's failure to challenge the issue. *See Allison,* 576 N.W.2d at 374; *Hack,* 545 N.W.2d at 263.

### III. *Disposition.*

Based upon the dictates of *Allison,* we find trial counsel was ineffective for permitting Miller to plead guilty to a crime for which there was no factual basis and failing to challenge the guilty plea by filing a motion in arrest of judgment. Ordinarily, if a factual basis is merely lacking in the record, we will remand the case to the district court to allow the State to establish a factual basis or allow the defendant to plead anew. *See State v. Galbreath,* 525 N.W.2d 424, 427 (Iowa 1994); *State v. Birch,* 306 N.W.2d 781, 784 (Iowa 1981). In this situation, however, no additional facts will save the plea because the State is not permitted to aggregate the separate purchases. *See Allison,* 576 N.W.2d at 374.

We therefore vacate the court of appeals judgment, and remand this case to the district court for dismissal of the charge without prejudice to the State's right to re-indict the defendant under the appropriate Code sections or reinstate the charges dismissed pursuant to the plea agreement. *See Hack,* 545 N.W.2d at 263; *Galbreath,* 525 N.W.2d at 427.

**DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.**