**STATE of Iowa, Appellee,**

v.

**Royce Alan BEACH, Appellant.**

**No. 00–0904.**

Supreme Court of Iowa.

July 5, 2001.

Linda Del Gallo, State Appellate Defender, and John P. Messina and Martha J. Lucey, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Amy Snook, Assistant County Attorney, for appellee.

NEUMAN, Justice.

This appeal concerns the legality of the sentence imposed by the court upon the defendant's guilty plea to third-offense operating while intoxicated. Because the court imposed a condition not authorized by the applicable sentencing statute, we vacate the sentence and remand for resentencing.

## I. Background.

The facts are undisputed. The State charged defendant, Royce Alan Beach, with operating while intoxicated (OWI), third offense, in violation of Iowa Code section 321J.2 (1999). Beach pled guilty as charged. At sentencing, the court committed Beach to the custody of the director of the Iowa department of corrections for a five-year indeterminate term of incarceration under the OWI continuum, with reception at a residential corrections facility operated by the eighth judicial district department of correctional services. *See* Iowa Code §§ 321J.2(2)(c) (sentencing alternatives), 904.513(1) (continuum of OWI programming under chapter 321J).

There was insufficient space at the residential corrections facility to immediately accommodate Beach. In such event, the sentencing statute authorizes the court to "order an offender to be released to the supervision of the judicial district depart-

ment of correctional services or held in jail." Iowa Code § 904.513(1). Here, however, the court's sentencing order included an alternate no-vacancy plan. It directed that "in the discretion of the Department the Defendant's custody may be transferred . . . to the Iowa Medical and Classification Center, Oakdale, Iowa, for classification and assignment as appropriate."

The waiting list for placement at the residential corrections facility was estimated to be four to six months long. So corrections officials took custody of Beach at his place of employment and hauled him off to Oakdale pending a vacancy. This appeal by Beach followed.

## II. Issue on Appeal/Scope of Review.

■ Beach contests the legality of the court's sentencing order, claiming the applicable sentencing statute limits the court's options regarding temporary placement and prevents the discretionary delegation of authority that occurred here. On appeal, we review a court's application of a sentencing statute for the correction of errors at law. *State v. Stephenson,* 608 N.W.2d 778, 784 (Iowa 2000).

The State concedes at the outset that the trial court evidently relied on an older version of section 904.513 when it sentenced Beach. In 1996, Iowa Code section 904.513 was amended to omit language that formerly provided for transfer of the offender to Oakdale pending an opening in a community-based correctional facility.

See 1996 Iowa Acts ch. 1165, § 2.[1] The State nevertheless argues that the court's reliance on an outdated statute does not render Beach's sentence illegal. Mindful that temporary transfer to Oakdale is not expressly mentioned in the amended statute, it claims the court's sentence is implicitly justified because incarceration under custody of the director is still very much a part of the "OWI continuum" of supervision and treatment options under section 904.513.

## III. Analysis.

■ The question is what sentencing options the legislature intended by the enactment of section 904.513 as amended. We are guided in that determination by well-established principles. First, legislative intent is expressed by what the legislature has said, not what it could or might have said. *State v. Guzman–Juarez,* 591 N.W.2d 1, 2 (Iowa 1999). When a statute's language is clear, we look no further for meaning than its express terms. *Id.; State v. Allison,* 576 N.W.2d 371, 373 (Iowa 1998). Intent may be expressed by the omission, as well as the inclusion, of statutory terms. *Marcus v. Young,* 538 N.W.2d 285, 289 (Iowa 1995). Put another way, the express mention of one thing implies the exclusion of other things not specifically mentioned. *Id.* Finally, a change is presumed when a new statute does not contain language included in a former version of the law. *Allison,* 576 N.W.2d at 373.

1. The former statute provided, in pertinent part:

   If there is insufficient space in a community-based correctional program to accommodate the offender, the court may order the offender to be released on personal recognizance or bond, released to the supervision of the judicial district department of correctional services, or held in jail. *If the offender is* ordered to the supervision of a judicial district department of correctional services, the district director may request, and the director of the department may approve, the transfer of the offender to the Iowa medical and classification center at Oakdale for classification and assignment, until space is available in a community-based correctional program.
   Iowa Code § 904.513(1)(c) (1995) (emphasis added).

The weakness in the State's argument is that it renders meaningless the changes initiated by the legislature when it amended section 904.513 in 1996. Under the former statute, a court electing to bypass incarceration in favor of community-based sentencing had three alternatives pending placement of the defendant in a residential treatment facility. The defendant could be (1) released on personal recognizance or bond, (2) released to the supervision of the district department of correctional services, or (3) held in jail. Iowa Code § 904.513(1)(c) (1995). If the court committed the defendant to supervision by the district department of correctional services, its choice triggered a further, discretionary decision by the district director (with the approval of the director of the department of corrections)—to transfer the offender to Oakdale until space became available at the local facility. *See id.* By contrast, the amended statute—applicable to Beach's sentencing in 2000—eliminated both the option of releasing the defendant on bond and the option of granting the district director the election to transfer the offender to Oakdale. *See* Iowa Code § 904.513(1) (1999).

We think the case before us demonstrates the rationale underlying the legislature's amendment of section 904.513. Beach sought probation, rather than incarceration, so that he could continue to support his family while obtaining treatment for his alcohol dependency. The court, while recognizing the value of not punishing Beach's family for his crime, rejected probation as an option because of Beach's history of recidivism. It therefore committed him to an indeterminate five-year term of incarceration but designated a local residential correctional facility as the reception center in accordance with Iowa Code section 904.513.

Had the court stopped there—or, pursuant to statute, released Beach under supervision by correctional services or held him in jail pending room at the residential correctional facility—it would have fulfilled the evident legislative intent of providing secure but local treatment and supervision, thereby enabling Beach to continue supporting his family. Instead, contrary to the statute, the court authorized the department of corrections, at its discretion, to remove Beach from the community for placement at Oakdale for several months, thereby jeopardizing his job and the support of his dependents. We are convinced it was this latter scenario that the legislature intended to remedy when it eliminated those options by amending section 904.513 in 1996.

Because the court did not follow the options authorized by the legislature in section 904.513(1), the sentence it imposed was illegal and cannot stand. *Stephenson,* 608 N.W.2d at 784. We therefore vacate the sentence previously imposed and remand for resentencing in accordance with this opinion and the directives of the *1999* Code.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**