**STATE of Iowa, Plaintiff–Appellee,**

v.

**Kelly Tyrone MARTIN, Defendant–Appellant.**

**No. 09–0057.**

Court of Appeals of Iowa.

Nov. 12, 2009.

Mark C. Smith, State Appellate Defender, and Stephan Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha Trout, Assistant Attorney General, John P. Sarcone, County Attorney, and Justin Allen, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., DOYLE and MANSFIELD, JJ.

VOGEL, P.J.

Kelly Martin appeals his conviction for first-degree theft in violation of Iowa Code sections 714.1 and 714.2(1) (2007). On appeal, Martin argues that a factual basis

does not support his *Alford* plea because the record does not establish that he had an intent to permanently deprive the owner of her property. Additionally, if he failed to preserve this claim for appellate review, he raises it in an ineffective-assistance-of-counsel context. We find that a factual basis supported his plea and therefore, his claims must fail. We affirm his conviction.

## I. Background Facts and Proceedings.

According to the minutes of testimony, a woman reported that her 2005 Ford Escape was missing from her driveway on September 25, 2008. The vehicle had been parked in the woman's driveway with another vehicle parked behind it. The vehicle had been driven over landscaping in the yard to move it out of the driveway. On September 26, 2008, an officer observed the vehicle in a parking lot. The officer pulled into the lot to verify it was the stolen vehicle when Martin walked out of a building and entered the driver's side of the vehicle. The officer drew his gun and ordered Martin to exit the vehicle, but Martin refused and fled in the vehicle. Martin led several officers on a high-speed chase, with vehicle speeds in excess of seventy miles per hour. Eventually Martin lost control of the vehicle and crashed. Martin fled the vehicle on foot, but was pursued by the officers and soon apprehended.

On October 24, 2008, the State charged Martin with first-degree theft in violation of Iowa Code sections 714.1 and 714.2(1) and eluding a law enforcement vehicle in violation of Iowa Code section 321.279. The State and Martin reached an agreement whereby the State would not pursue a habitual offender enhancement for either charge, and Martin would enter an *Alford*[1] plea to the first-degree theft charge and a guilty plea to the eluding charge. *See* Iowa R.Crim. P. 2.8(2) (allowing the district court to accept a guilty plea). At the plea hearing on December 11, 2008, the district court determined that a factual basis for the pleas appeared in the record, including "each and every element of the crime of Theft in the First Degree," and then accepted Martin's pleas.

Martin appeals. He challenges only his first-degree theft conviction and argues that the district court erred in accepting his plea because a factual basis does not support his plea. Further, if he failed to preserve this claim for appellate review, he raises it in an ineffective-assistance-of-counsel context asserting that his counsel was ineffective for failing to advise him of the lack of a factual basis. The State argues that Martin did not preserve his claim for direct appeal because he failed to file a motion in arrest of judgment. In addition, the State asserts there is a factual basis to support Martin's plea and thus, Martin's counsel was not ineffective for failing to raise a meritless claim.

## II. Standard of Review.

We review a lack-of-a-factual-basis challenge to a guilty plea for errors of law. *State v. Doggett,* 687 N.W.2d 97, 99 (Iowa 2004). However, we review this claim raised in an ineffective-assistance-of-counsel context de novo. *Id.*

## III. Analysis.

According to Iowa Rules of Criminal Procedure 2.8(2)(*d*) and 2.24(3), a defendant who pleads guilty must raise any

---

1. *See North Carolina v. Alford,* 400 U.S. 25, 32–38, 91 S.Ct. 160, 164–68, 27 L.Ed.2d 162, 168–72 (1970) (holding that an accused may consent to the imposition of a sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime).

challenges to the guilty plea proceedings by a motion in arrest of judgment. If a defendant does not file a motion in arrest of judgment, the defendant is precluded from asserting such challenges on appeal. Iowa R.Crim. P. 2.8(2)(*d*), 2.24(3). In the present case, the district court advised Martin of his right to challenge his guilty plea proceedings by filing a motion in arrest of judgment and that unless he filed such a motion, Martin could not challenge the guilty plea proceedings in the district court or on appeal. Further, the district court informed Martin that by requesting immediate sentencing, Martin was giving up his ability to file a motion in arrest of judgment. Thus, it would appear that Martin has waived any claim the record lacked a factual basis. *See State v. Miller*, 590 N.W.2d 724, 726 (Iowa 1999) (stating the defendant's failure to file a motion in arrest of judgment precluded her from attacking her guilty plea directly and declining "to abrogate this long-standing error preservation rule").

However, our supreme court has stated,

When a defendant's counsel does not challenge the entry of a guilty plea to an offense for which no factual basis is shown and a strong possibility exists that there was no factual basis, we have consistently held that this court may review the resulting challenge to the plea notwithstanding a failure to file a motion in arrest of judgment.

*State v. Royer*, 632 N.W.2d 905, 909 (Iowa 2001) (citing *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999); *Miller*, 590 N.W.2d at 726; *State v. Allison*, 576 N.W.2d 371, 374 (Iowa 1998); *State v.*

*Hack*, 545 N.W.2d 262, 263 (Iowa 1996); *State v. Galbreath*, 525 N.W.2d 424, 427 (Iowa 1994)). In all of the cases cited in *Royer* except *Galbreath*, our supreme court examined a lack-of-a-factual-basis challenge, where the defendant did not preserve the claim by filing a motion in arrest of judgment, in an ineffective-assistance-of-counsel context. *Schminkey*, 597 N.W.2d at 788; *Miller*, 590 N.W.2d at 725; *Allison*, 576 N.W.2d at 373–74; *Hack*, 545 N.W.2d at 262–63. In *Galbreath*, the defendant did preserve his claim by filing a motion in arrest of judgment. *Galbreath*, 525 N.W.2d at 425. Ultimately, the analysis does not differ. In an ineffective-assistance-of-counsel context, the first inquiry is whether a factual basis existed; if it did not, counsel is deemed ineffective. *Schminkey*, 597 N.W.2d at 788. Upon determining a factual basis does not exist, our supreme court has applied the same remedy regardless of the context in which the claim was made.[2] *Royer*, 632 N.W.2d at 910. We conclude that we need not determine whether Martin preserved his claim for appellate review or whether his claim should be treated as ineffective-assistance-of-counsel because the ultimate analysis is the same. In either case, we consider whether a factual basis is shown in the record.

█ We find Martin's plea was supported by a factual basis and therefore, his claims must fail. "The district court may not accept a guilty plea without first determining that the plea has a factual basis. This requirement exists even where the plea is an *Alford* plea." *Schminkey*, 597

---

**2.** Our supreme court explained the remedies: When a guilty plea has no factual basis in the record, two possible remedies exist. When the record establishes that the defendant was charged with the wrong crime, we have vacated a judgment of conviction and sentence and remanded for dismissal of the

charge. If, however, it is possible that a factual basis could be shown, it is more appropriate to vacate the sentence and remand for further proceedings in which the State might have an opportunity to establish a factual basis.
*Royer*, 632 N.W.2d at 910–11.

N.W.2d at 788. A person commits first-degree theft when he "takes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code, § 714.1(1). An essential element of theft under section 714.1(1) is an intent to *permanently* deprive the owner of her property. *Schminkey,* 597 N.W.2d at 788–89 (distinguishing the crime of theft under Iowa Code section 714.1(1) from the lesser included offense of operating a vehicle without an owner's consent under Iowa Code section 714.7).

> Because proof that the defendant acted with the specific purpose of depriving the owner of his property requires a determination of what the defendant was thinking when an act was done, it is seldom capable of being established with direct evidence. Therefore, the facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent.

*Id.* at 789.

Martin specifically argues that the minutes of testimony did not provide a factual basis for this element because the "facts in the instant matter include a relatively short period of time of deprivation of the vehicle, and defendant's attempt to escape law enforcement." Although Martin argues that it was only a short amount of time that he kept the vehicle, it was not simply the length of time he possessed the vehicle that demonstrated his intent, but also his actions once discovered. *Cf. id.* at 792 (finding no intent to permanently deprive where the defendant took a vehicle and *minutes* later crashed the vehicle and stating "we do not have the typical inferences that can be drawn from a defendant's actions subsequent to the taking"). Hours after Martin took the vehicle, the officers discovered the vehicle and ordered Martin out of it at gunpoint, but Martin refused to turn over the vehicle. He then led the officers on a high speed chase and only after crashing the vehicle, did Martin exit the vehicle and flee on foot. *Cf. State v. Morris,* 677 N.W.2d 787, 788 (Iowa 2004) (finding no intent to permanently deprive where immediately after an officer began to pursue the vehicle, the defendant stopped and abandoned the vehicle, and fled on foot). When the officer, at gunpoint, ordered Martin out of the vehicle, Martin's actions of speeding away from the scene demonstrate he had no intent to relinquish the vehicle to the officer, and hence to the rightful owner. Instead, Martin's actions and the surrounding circumstances establish the intent to permanently deprive the owner of her property. We agree with the district court that the minutes of testimony, which Martin acknowledged as the basis for his *Alford* plea, are sufficient to establish a factual basis for the element of an intent to permanently deprive for first-degree theft. Therefore, we affirm his conviction.

**AFFIRMED.**