# IN THE COURT OF APPEALS OF IOWA

No. 15-0054
Filed November 12, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALBERT HENRY MESENBRINK III,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

The defendant appeals from a conviction and sentence following guilty pleas to kidnapping in the second degree and willful injury resulting in in serious injury. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Laura Roan, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Albert Mesenbrink III appeals from his conviction and sentence following guilty pleas to kidnapping in the second degree and willful injury resulting in serious injury. Mesenbrink maintains trial counsel was ineffective for allowing him to plead guilty to kidnapping in the second degree without a factual basis to support the plea. He also maintains trial counsel was ineffective for failing to file a motion in arrest of judgment because the trial court erred in its determination the crime was sexually motivated.

Because we find Mesenbrink's confinement of the victim was more than incidental to willful injury causing serious injury, there was a factual basis to support his guilty plea for kidnapping in the second degree, and counsel was not ineffective for allowing him to plead guilty to the charge. However, because the district court's determination the crime was sexual motivated was not supported by proof beyond a reasonable doubt, we remand with directions for the district court to enter an order to vacate the portion of its sentencing order requiring Mesenbrink to register as a sex offender and for further proceedings consistent with this opinion.

**I. Background Facts and Proceedings.**

At approximately 12:03 a.m. on April 20, 2014, S.A. visited a local hotel in Clear Lake. She believed she was meeting her former paramour, Nate. For approximately six months, "Nate" had been texting and communicating with S.A. When S.A. arrived at the hotel room with a friend, "Nate" announced he "wasn't decent" and refused to open the door until the friend left. The friend left, and S.A. entered the dark hotel room. Once she entered the hotel room, S.A. was

immediately grabbed by a man—later identified to be Mesenbrink—and held at knife point while he kissed her. Mesenbrink denies he demanded S.A. disrobe but admitted that she did remove her clothing. Mesenbrink then told her to take the rope that was on the dresser and place it around her neck, but S.A. refused. Mesenbrink became upset and then placed the rope around S.A.'s neck. S.A. struggled against him as he punched her in the face and tightened the rope around her neck. S.A. continued to fight against Mesenbrink, including scratching and biting. He told her repeatedly, "I gotta kill you," and demanded she "shut-up." At one point she was able to get up, but he pushed her back onto the bed. He then took a pillow from the bed and tried to suffocate S.A. with it. Eventually, he grew tired and stopped. S.A. asked for a drink of water and Mesenbrink got up and brought her a bottle of water from the refrigerator in the room. S.A. told him to take her car and she would not tell the police. Eventually, Mesenbrink asked her where her keys were, and she told them she left them in the car. He pushed S.A. between the bed and the wall, gathered some of his items, and fled the room. Once he left, S.A. ran—still naked—to the front desk. The woman working at the front desk of the hotel called 911. Clear Lake police were dispatched to hotel at 12:36 a.m.

When officers arrived, S.A.'s face was already swollen and bleeding. She had ligature marks around her neck. S.A. was transported to the hospital by ambulance.

Officers searched the hotel room and found it was consistent with a struggle. Clumps of S.A.'s hair were found in three different areas of the room. The mattress was partially off the bed, and there was blood smeared on the

pillowcases and bed sheets. One of the pillows was also smeared with makeup. Inside the nightstand, officers found a box of condoms and a vibrator. A partial pill of Viagra was found on the bathroom vanity.

On May 21, 2014, Mesenbrink was charged by trial information with kidnapping in the first degree and attempted murder. Mesenbrink initially pled not guilty.

Later, as part of a plea agreement, the State amended the charge to kidnapping in the second degree and willful injury resulting in serious injury. Mesenbrink pled guilty to the amended charges. The district court accepted his guilty pleas on December 22, 2014. For kidnapping in the second degree, Mesenbrink was sentenced to a term of incarceration not to exceed twenty-five years. For willful injury causing serious injury, he was sentenced to a term of incarceration not to exceed ten years. The district court ordered the sentences to run consecutively.

Mesenbrink appeals.

## II. Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "Although we normally preserve ineffective-assistance claims for postconviction relief actions, 'we will address such claims on direct appeal when the record is sufficient to permit a ruling.'" *Id.* (citation omitted).

## III. Discussion.

Mesenbrink maintains he received ineffective assistance from trial counsel because counsel allowed him to plead guilty to kidnapping in the second degree

without a factual basis to support the plea. He also maintains trial counsel was ineffective for failing to file a motion in arrest of judgment because the trial court erred in its determination the crime was sexually motivated. Here, the record is sufficient to allow us to address his claims on direct appeal.

To prevail on a claim of ineffective assistance of counsel, Mesenbrink must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). If counsel allowed Mesenbrink to plead guilty to a charge for which no factual basis exists, counsel failed to perform an essential duty. *See State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). In such a case, prejudice is inherent. *Id.* ("[I]f a factual basis does not exist, then counsel was ineffective.").

## A. Ineffective Assistance: Factual Basis for Second-Degree Kidnapping?

Mesenbrink maintains there was not a factual basis to support his guilty plea for kidnapping in the second degree because it was not established that Mesenbrink confined the victim beyond the duration of the underlying crime.

In *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981), our supreme court enunciated the "incidental rule," stating:

> [W]e conclude that our legislature, in enacting section 710.1, intended the terms "confines" and "removes" to require more than the confinement or removal that is an inherent incident of commission of the crime of sexual abuse. Although no minimum period of confinement or distance of removal is required for conviction of kidnapping, the confinement or removal must definitely exceed that normally incidental to the commission of sexual abuse. Such confinement or removal must be more than slight, inconsequential, or an incident inherent in the crime of sexual abuse so that it has a significance independent from sexual

abuse. Such confinement or removal may exist because it substantially increases the risk of harm to the victim, significantly lessens the risk of detection, or significantly facilitates escape following the consummation of the offense.

In our application of the *Rich* test, we examine the "entire record before the district court" to determine whether Mesenbrink's plea is supported by a factual basis. *Finney*, 834 N.W.2d at 62.[1] "The record to support a factual basis for a guilty plea includes the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceedings, and the presentence investigation report." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

Mesenbrink contends we should only apply the *Rich* tripartite test to any confinement that was "beyond the duration of the" willful injury. If we apply the test as Mesenbrink contends we should, we arrive at an absurd result. As it applies to these facts, kidnapping is defined as the act of confining a person, while knowing that you have neither the consent nor authority to do so, with the intent to inflict serious injury upon such a person. Iowa Code § 710.1(3) (2013). Kidnapping in the second degree occurs when the kidnapper is armed with a dangerous weapon. Iowa Code § 710.3. Thus, if the facts were exactly as occurred but Mesenbrink never got around to strangling or punching S.A., he would be guilty of kidnapping in the second degree and sentenced to twenty-five

---

[1] We note the State argues we should not apply the *Rich* tripartite test unless the kidnapping conviction is for first-degree kidnapping where the victim suffers "serious injury or is intentionally subjected to torture or sexual abuse." Iowa Code § 710.2. However, Mesenbrink was originally charged with kidnapping in the first degree, and so there is an alleged underlying offense. Further, we observe in *Robinson*, 859 N.W.2d at 478, our supreme court stated, "We referred to the *Rich* tripartite test, with the three intensifiers, in all of our subsequent cases involving kidnapping in the context of the commission of *other* crimes." (Emphasis added.) Here, there is another crime committed at the same date and time to which Mesenbrink pled, willful injury in violation of Iowa Code section 708.4(1). This latter offense includes the element of "causing serious injury."

years of incarceration. However, Mesenbrink maintains that because he willfully and seriously injured S.A.—attacking her throughout the approximately thirty minutes she was in the hotel room with him—the confinement did not exceed the willful injury causing serious injury in duration and kidnapping cannot be established. In other words, Mesenbrink maintains that because the amount of time he confined S.A. was the same amount of time he assaulted her, there was no "extra" confinement. Mesenbrink's argument is based on the assumption that because he confined S.A. to assault her, confinement is inherent in the crime of assault. Mesenbrink cites no authority to support the assumption. *Contra, e.g.*, *Rich*, 305 N.W.2d at 745 (stating "confinement or removal is an inherent incident within the commission of the offense of sexual abuse"); *Robinson*, 859 N.W.2d at 470 ("The general notion is that when confinement or removal is part-and-parcel of an underlying crime *such as robbery or sexual abuse*, such removal or confinement is considered incidental to the underlying crime and does not provide a basis for a separate kidnapping prosecution. In order for an accused to be charged with both kidnapping and the underlying felony, the confinement or removal must be in excess or beyond that normally associated with the underlying crime." (emphasis added)).

In applying the test, we consider not only whether the defendant confined someone longer than the duration of the underlying crime but also whether the quality or extent of the confinement was much greater than necessary to accomplish the underlying crime.

Here, Mesenbrink lied about who he was in order to trick S.A. into meeting him in a hotel room. *See State v. Coen*, 382 N.W.2d 703, 713 (Iowa Ct. App.

1985) (finding that the movement or confinement of the victim—originally obtained through deception—was sufficient for movement beyond that which is incidental to sexual abuse). Although S.A. originally arrived with a friend, Mesenbrink refused to open the door to the hotel room until the friend left. *See Robinson*, 859 N.W.2d at 480 (considering that the "victim was not moved from a public to a private, more secluded, environment" as a factor against kidnapping). Additionally, as soon as S.A. entered the room, Mesenbrink brandished a knife. *Id.* at 479 ("With respect to manner of confinement, our cases often emphasize the use of a weapon . . . ."). When S.A. tried to yell or scream for help, Mesenbrink would cover her mouth. Although such contact alone is insufficient to constitute kidnapping, the duration was about thirty minutes, which we opine is longer than necessary to commit willful injury causing serious injury. Mesenbrink's confinement of S.A. was not merely incidental to the assault because the confinement substantially increased the risk of harm, significantly lessened the risk of detection, and significantly facilitated escape following the consummation of the offense. Although the evidence is less substantial than in many of our kidnapping cases, it is not so insubstantial that as a matter of law the defendant's kidnapping conviction cannot stand. Accordingly, we conclude there is a factual basis in the record to support Mesenbrink's guilty plea for kidnapping in the second degree, and counsel was not ineffective for allowing him to plead guilty to the charge.

**B. Ineffective Assistance: Was the Crime Sexually Motivated?**

Mesenbrink maintains trial counsel was ineffective for failing to file a motion in arrest of judgment because the trial court erred in its determination the crime was sexually motivated.

Iowa Code section 710.3, kidnapping in the second degree, provides, in part, "For purposes of determining whether the person should register as a sex offender pursuant to the provisions of chapter 692A, the fact finder shall make a determination as provided in section 692A.126." Iowa Code section 692A.126(j) further provides that if a factfinder makes the determination, beyond a reasonable doubt, the kidnapping in the second degree was "sexually motivated," the defendant is required to register as a sexual offender.

During the plea colloquy, the court asked the defendant if the minutes of testimony were "accurate enough" they could be relied on to "know what happened in the matter." Mesenbrink agreed and tendered a plea of guilty to kidnapping second. He admitted he confined S.A. with the intent to inflict serious injury upon her and secretly confine her. However, Messenbrink denied he intended to subject S.A. to sexual abuse.

When asked more specifically, Messenbrink denied he ordered S.A. to take her clothes off, although he agreed she did take them off. He also denied he intended to have sexual contact with her and denied he had any sexual contact with her. The court later stated it was relying on the allegation in the minutes of testimony that Mesenbrink forced S.A. to take her clothes off in making the determination the crime was sexually motivated. As part of the sentence, the court ordered Mesenbrink to register as a sexual offender.

Here, the district court relied on a portion of the minutes of testimony that Mesenbrink specifically denied was true. "Minutes can be used to establish a factual basis for a charge to which a defendant pleads guilty." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998); *see also Finney*, 834 N.W.2d at 62. However, in *Finney*, the Iowa Supreme court did not address the circumstance we face here, where the defendant denies the truth of a portion of the minutes of testimony. We know that in context of sentencing our supreme court has stated, "[M]inutes of testimony attached to a trial information do not necessarily provide facts that may be relied upon and considered by a sentencing court." *Gonzalez*, 582 N.W.2d at 517. "The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *Id.* "Where portions of the minutes are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.*

For purposes of the factual basis of a guilty plea, proof of guilt beyond a reasonable doubt is not required. *Finney*, 834 N.W.2d at 50. But we note that Iowa Code section 692A.126 requires proof beyond a reasonable doubt that the offense was "sexually motivated." We conclude the legislature specifically required the higher level proof. Iowa Code § 692A.126

The court did not have to accept Mesenbrink's denial that the offense was not sexually motivated as true. However, we decline to permit the district court to rely upon the minutes of testimony to establish proof beyond a reasonable doubt, as necessary to satisfy Iowa Code section 692A.126, where the defendant

agrees the minutes can be used "to know what happened" yet later denies the portion of the minutes of testimony specifically relied upon by the district court.

Because the district court's determination that the offense was sexually motivated was not supported by proof beyond a reasonable doubt, we remand with directions for the district court to enter an order to vacate the portion of its sentencing order requiring Mesenbrink to register as a sex offender. Because it is possible that proof beyond a reasonable doubt could be shown, we also remand for further proceedings before a judge or jury in which the State might have an opportunity to establish that the crime of kidnapping in the second degree was sexually motivated. *See State v. Royer*, 632 N.W.2d 905, 909 (Iowa 2001) ("If . . . it is possible that a factual basis could be shown, it is . . . appropriate to vacate the sentence and remand for further proceedings in which the State might have an opportunity to establish a factual basis.").

**IV. Conclusion.**

Because Mesenbrink's confinement of the victim was more than incidental to the underlying crime of willful injury causing serious injury, there was a factual basis to support his guilty plea for kidnapping in the second degree, and counsel was not ineffective for allowing him to plead guilty to the charge. However, because the district court's determination that the offense was sexually motivated was not supported by proof beyond a reasonable doubt, we remand with directions for the district court to enter an order to vacate the portion of its sentencing order requiring Mesenbrink to register as a sex offender and for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**