# IN THE COURT OF APPEALS OF IOWA

No. 18-0644
Filed May 1, 2019

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MANGOK AJUET KODOK,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Becky Goettsch, District Associate Judge.

The defendant appeals the district court's decision to revoke his deferred judgment and impose terms of incarceration. **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Mangok Kodok pled guilty to one count of possession of a controlled substance (marijuana) in case number SRCR305546 and another count in case number SRCR308868. On appeal, he challenges the district court's revocation of his deferred judgment in case SRCR305546 and argues there is not a factual basis to support his guilty plea in case SRCR308868. Additionally, he claims the court abused its discretion in sentencing him to jail time on the two convictions.

On May 8, 2017, Kodok was driving a vehicle that was stopped by police. According to the officer's report, he smelled marijuana emanating from the vehicle as he got near the car. When the officer questioned Kodok about the smell, Kodok admitted smoking a marijuana blunt in the car. The officer searched Kodok's vehicle and found a bag with marijuana inside and a black digital scale; Kodok admitted the contraband was his.

Pursuant to a plea agreement with the State, Kodok entered a guilty plea to possession of a controlled substance (marijuana) in case SRCR305546. The State agreed judgment should be deferred, and Kodok was placed on probation for one year. As part of his probation, Kodok was to complete forty hours of community service; undergo a substance-abuse evaluation and treatment; and pay various surcharges, fees, and fines. Kodok pled guilty on July 25, and he was sentenced in accordance with the plea agreement.

On August 17, Kodok was again arrested for possession of a controlled substance (marijuana). As had occurred in May, Kodok was stopped while driving a vehicle that smelled of marijuana, and Kodok admitted to officers that

he had marijuana in the car. Kodok later entered a guilty plea to the charge in case SRCR308868.

The district court set a joint hearing for probation disposition in case SRCR305546 and sentencing for case SRCR308868 to take place on March 20, 2018. Before the hearing, Kodok's probation officer filed a number of reports of probation violations, including Kodok's August arrest for possession, a November 2017 report Kodok had "sporadic treatment attendance" and "continued to use marijuana," a December 2017 report Kodok had been discharged from treatment and was unsuccessful "due to his inability to commit to change and follow through," a January 2018 report Kodok tested positive for THC when drug tested by his probation officer, and a March 2018 report Kodok failed to attend his new substance-abuse treatment and was reporting he did not need treatment.

At the hearing, Kodok stipulated that he was in violation of the terms of his probation and admitted to the allegations included in the violation reports. The Stated asked the court to revoke Kodok's probation in case SRCR305546, impose judgment, and sentence Kodok to a thirty-day term of incarceration for each of the two convictions. Kodok asked that his probation for case SRCR305546 continue and that the court order him to serve probation in case SRCR308868 as well. Kodok maintained his recent failure to engage in substance-abuse treatment was because his insurance would not pay for the treatment and he could not otherwise afford it.

The court revoked Kodok's deferred judgment in case SRCR305546 and sentenced him to a term of incarceration not to exceed fifteen days. The court

also sentenced Kodok to fifteen days incarceration in case SRCR308868. Kodok was ordered to serve the two sentences concurrently.

On appeal, Kodok first claims the district court committed legal error in deciding to revoke his deferred judgment. But Kodok does not allege the revocation was unsupported by the evidence. In considering whether a revocation was improper, our court has said:

> Probation revocation is a civil proceeding, not a stage of the criminal proceeding, and the rules of criminal procedure do not apply. It is only necessary that proof of a violation of the terms and conditions of a probation agreement be supported by a preponderance of the evidence to justify a revocation. A preponderance of the evidence will support the revocation of a deferred judgment, as well as a probation violation, after a conviction. Revocations are reviewed for abuse of discretion, and it has been asserted that an admission will satisfy the requirement. . . . In the instant case there was an unqualified admission to the violation made in response to a direct question. The revocation was supported by a preponderance of the evidence, and there was no abuse of discretion.

*See State v. Kline*, No. 12-0366, 2013 WL 3291865, at *2 (Iowa Ct. App. June 26, 2013) (citations omitted). Like in *Kline*, Kodok stipulated that he was in violation of the terms of his probation at the time of the disposition hearing. Therefore, we cannot say the court erred.

Next, Kodok claims there is not a factual basis to support his guilty plea in case SRCR308868. But Kodok did not file a motion in arrest of judgment to challenge his plea. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such a challenge on appeal."). And he does not raise the claim in the context of ineffective assistance of counsel. *See, e.g.*, *State v. Martin*, 778 N.W.2d 201, 203 (Iowa Ct. App. 2009)

(recognizing cases where the supreme court considered whether a factual basis existed under the ineffective-assistance framework). We do not consider this issue further.

Finally, Kodok challenges the district court's decision to impose a term of incarceration for each of his convictions. He argues the court inappropriately considered his indigency and failed to consider the mitigating factor of his age when imposing sentence. We will not reverse the sentencing decision of the district court "absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We acknowledge Kodok maintained his failure to comply with the terms of his probation to complete substance-abuse treatment was due to his inability to afford treatment. But the district court did not revoke Kodok's probation and sentence him to jail time because of his indigency. While the court considered Kodok's failure to participate in treatment in making its sentencing decision, the court recognized that Kodok told his treatment counselors he did not believe he needed treatment and that he continued to test positive for THC throughout his period of probation—as late as January 2018. The court noted Kodok had received leniency before due to his age but refused to give him another chance at probation for the offense. The court was not required to consider Kodok's age as a mitigating factor; Kodok was twenty years old at the time of his crimes—not a juvenile. *See Smith v. State*, No. 16-1711, 2017 WL 3283311, at *2 (Iowa Ct. App. Aug. 2, 2017) (collecting cases rejecting attempts to apply juvenile sentencing rules to individuals older than eighteen years of age). Moreover, insofar as Kodok argues the district court failed to consider all appropriate

factors, "a sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option." *State v. Crooks*, 911 N.W.2d 153, 171 (Iowa 2018) (citation omitted). Kodok has not over overcome the presumption in favor of the sentence imposed by the court. *See id.* We affirm.

**AFFIRMED.**