STATE of Iowa, Plaintiff-Appellee,

v.

Carl Eugene SANDERS, Defendant-Appellant.

No. 63246.

Court of Appeals of Iowa.

May 26, 1981.

Thomas M. Walter of Barnes & Walter, Ottumwa, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen. and W. Edward Anstey, Appanoose County Atty., for plaintiff-appellee.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

CARTER, Judge.

Defendant, Carl Eugene Sanders, appeals from conviction and sentence imposed upon his plea of guilty to false use of a financial instrument in violation of section 715.6, Supplement to the Code 1977. He contends that there was no factual basis to support his guilty plea.

In February of 1978, defendant was charged by trial information with false use of a financial instrument in connection with an incident the previous month in which he had unsuccessfully attempted to purchase items at a grocery store using a check made out to and endorsed by John Knowles. The information also charged defendant with burglary in the second degree. On January 8, 1979, the defendant appeared in open court with counsel and tendered a plea of guilty to the charge of false use of a financial instrument. At the time it was stated on the record that in exchange for defendant's plea to this charge the burglary charge and two other pending criminal charges against the defendant would be dismissed by the State. The court, after a lengthy colloquy of the type suggested in *Brainard v. State*, 222 N.W.2d 711, 713 (Iowa 1974), determined that defendant's plea was knowingly and intelligently entered and that a factual basis for the charge had been satisfactorily established.

■ Before the adoption of the present rules of criminal procedure, it was consistently held that a showing of a factual basis for a plea of guilty was a condition precedent to entry of judgment on such plea. This requirement stems from the provisions of A.B.A. Minimum Standards for Criminal Justice, Pleas of Guilty, 1.6, which were expressly adopted in *State v. Sisco*, 169 N.W.2d 542, 548 (Iowa 1969). A definitive analysis of the role of the fourth *Sisco* element (factual basis) in guilty plea proceedings is found in *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616 (Iowa 1974). Present Iowa R.Crim.P. 8(2)(b) retains the factual basis requirement of *Sisco*. Unlike the A.B.A. standards adopted in *Sisco*, this rule makes the determination of a factual basis a condition for acceptance of the plea rather than a condition for entry of judgment. We believe the central purpose for requiring a showing of factual basis in guilty plea proceedings, as indicated in *Ryan*, is to assure the accuracy of the plea. It is to preclude convictions for crimes of which the accused is not in fact guilty based on the evidence adduced at the plea proceeding.

In the present case the statute which creates the criminal offense of which defendant was convicted provides:

The use of a financial instrument with the intent to obtain fraudulently anything of value by one who knows that the instrument is not what it purports to be, or who knows that he or she is not the person nor the authorized agent of the person who, as shown on the instrument, has the right to so use the instrument, shall constitute the false use of a financial instrument.

In attempting to establish a factual basis for the charge against defendant under the foregoing statute, the trial court, prior to accepting the plea, questioned defendant at length concerning the facts surrounding his possession of the financial instrument in question and his attempt to obtain merchandise or cash in exchange therefor. The colloquy which transpired is lengthy and need not be repeated verbatim herein. In summary, the colloquy clearly established, based upon defendant's admissions: (1) that defendant did not know John Knowles, the party to whom the check was payable and whose endorsement purportedly appeared thereon; (2) that defendant had no permission from Knowles or anyone else to use the

instrument and knew that such was the case; (3) that defendant found the check on the ground;[1] (4) that the endorsement of Knowles was on the check at this time; and (5) that defendant intended to defraud someone by presenting the check at the grocery store.

Defendant urges on appeal that although these admissions clearly establish that he is guilty of a crime, they do not show that he is guilty of the crime for which he was charged, convicted and sentenced. Rather, defendant contends the record reveals that he was not guilty of that crime under the facts of the transaction. Defendant's argument focuses principally on the fact that under section 554.3204(2), The Code, the check was an instrument payable to bearer by reason of having been endorsed in blank by the payee. Thus, it is urged, the instrument is exactly what it purports to be and, based upon what is "shown on the instrument" defendant had as much right to use the check as any other person. The State, while conceding the check in question was bearer paper, urges that section 715.6 is nonetheless violated when one fraudulently negotiates bearer paper to which he or she does not have title, as warranted by section 554.3417(1)(a), The Code.[2] Based upon our reading of the statute and contemporary literature interpreting same, we accept the contention of the defendant and reject the contention of the State. 4 Yeager & Carlson, *Iowa Practice Criminal Law & Procedure* § 365 at 96 (1979) discusses section 715.6 in terms of the specific problem presented in this case. It is there stated: "Note that one violates this section when he makes a false bearer instrument, but he does not violate this section when he wrongfully negotiates *without endorsement* a genuine bearer instrument even though he intends to defraud the rightful owner of the instrument by doing so. The former

action threatens to place false instruments in circulation, which tends to lessen the acceptance of all instruments, and consequently damages the financial system. The latter action has no such consequences and can be treated as a mere theft under section 714.1." (emphasis supplied).

We generally concur in the foregoing analysis although we are somewhat puzzled by the use of the words "without endorsement" which appear in the quoted commentary. These words might be interpreted as limiting the quoted commentary to bearer instruments lacking any endorsement. This would exclude instruments such as the present check which become bearer paper only by reason of a blank endorsement thereon. Or, the words "without endorsement" might be interpreted as limiting the commentary to those situations where the person charged attempted to negotiate the instrument without attempting to place his or her own endorsement thereon. We do not believe, however, that the principles otherwise stated in the quoted commentary should be so limited. We conclude that negotiation of a *genuine* bearer instrument, including an instrument which becomes such by endorsement, is not within the class of conduct condemned by section 715.6. Nor is negotiation of a *genuine* bearer instrument within the proscribed class of conduct if the party charged has placed his or her own endorsement on the instrument in seeking to negotiate it.[3] In either of these situations the holder of the instrument would, nonetheless, have the right to use it based upon what is "shown on the instrument" in its genuine state. Given this circumstance, the statute is not violated. In the present case the guilty plea colloquy indicates that the endorsement of Knowles was on the check when it came into defendant's possession. The State has made no showing that such was

1. The State contends that the check was stolen, but made no showing that it had been stolen by defendant. In view of our analysis of the elements of section 715.6, the fact that it may have been stolen by defendant would be of no significance.

2. Even if defendant had found the check as he contends, he would not have had title thereto in view of the requirements of ch. 644, The Code.

3. The record in the present case suggests the defendant did not place his own endorsement on the instrument in seeking to negotiate it.

not the case. Based upon this record, we must assume the check was a genuine bearer instrument.

We hold that on the record made at the plea proceeding the facts failed to show that defendant violated the statute under which he was charged and convicted. The judgment is accordingly reversed in order to permit defendant to plead anew to the charge. Because dismissal of count II of the information and of criminal causes 35706 and 35729 were made in contemplation of a valid guilty plea to the present charge, we direct that said charges be reinstated.

REVERSED.

All judges concur except DONIELSON, J., who dissents.

DONIELSON, Judge (dissenting).

Statutory language is to be construed according to its approved and common meaning. § 4.1(2), The Code. In my view, the result reached by the majority ignores this rule of construction.

Section 715.6, Supplement to the Code 1977, provides:

> The use of a financial instrument with the intent to obtain fraudulently anything of value by one who knows that the instrument is not what it purports to be, or *who knows that he or she is not the person nor the authorized agent of the person who, as shown on the instrument,* has the right to so use the instrument, shall constitute the false use of a financial instrument.

*Id.* (emphasis added). Common meaning would indicate that the words "person . . . shown on the instrument" refer to a person whose name appears *on the instrument.* In the case at bar, the only name "shown on the instrument" was that of John Knowles. One who attempted to negotiate the check with the actual knowledge that he was neither John Knowles nor the person authorized by John Knowles to use the check would violate section 715.6. Defendant admitted during the plea proceedings that he possessed this knowledge at the time he attempted to cash the check. I would therefore conclude that a factual basis existed to support defendant's conviction upon a guilty plea under section 715.6.

It is true that this was a bearer instrument and that as such it was payable to the bearer and could be negotiated by delivery alone. § 554.3204(2), The Code. However, because section 715.6 specifically addresses the situation where the name of the person entitled to use the check appears *on the instrument,* I fail to see the relevance of the fact that this was a bearer instrument. The only relevant consideration is that the name of John Knowles was the one shown on the instrument and that the defendant knew at the time that he was neither John Knowles nor authorized by John Knowles to negotiate the check. In light of these facts, the conviction should be affirmed.