**STATE of Iowa, Appellee,**

v.

**Kenneth Alan HACK, Appellant.**

No. 94–1116.

Supreme Court of Iowa.

March 20, 1996.

Linda Del Gallo, State Appellate Defender, and Patricia A. Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, Don Kliebenstein, County Attorney, and Todd Greer, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

NEUMAN, Justice.

The State charged defendant Kenneth Hack with third-degree sexual abuse. *See* Iowa Code § 709.4(2)(c)(1), (3), (4) (1993) (sex act with fourteen or fifteen year old by member of same household in position of authority more than six years older than victim). Hack subsequently entered a guilty plea to an amended charge of lascivious acts with a child. *See* Iowa Code § 709.8. His conviction was upheld, one judge dissenting, by our court of appeals. The case is now before us on further review.

The question is whether Hack's plea and subsequent conviction resulted from the ineffectiveness of his counsel. Specifically, Hack claims prejudice stemming from the fact that

his counsel permitted him to plead guilty to a crime for which the record reveals no factual basis.

The age of the child is an essential element of a prosecution under section 709.8. "Child" is defined in Iowa Code section 702.5 as "any person *under* the age of fourteen years." (Emphasis added.) The minutes of evidence disclose, and the State concedes, that the victim was fourteen years of age at the time of the incidents in question. Although the minutes also allege prior sexual contact by the defendant with this victim, these are not the incidents with which defendant was charged or to which he pleaded guilty.

The court of appeals affirmed Hack's conviction, preserving the allegation of ineffective assistance of counsel for postconviction review. Its decision rested on the belief that counsel may have had strategic reasons for permitting his client to plead guilty notwithstanding the lack of a factual basis. Endorsing such strategies, however, would erode the integrity of all pleas and the public's confidence in our criminal justice system. *See State v. Sanders,* 309 N.W.2d 144, 145 (Iowa App.1981). For this reason, they cannot be permitted. *Id.* at 147 (requiring reversal of judgment based on plea for which no factual basis existed); *accord State v. Galbreath,* 525 N.W.2d 424, 427 (Iowa 1994); *State v. Burtlow,* 299 N.W.2d 665, 670 (Iowa 1980).

This plea was not supported by the record made and, accordingly, violates the letter and spirit of Iowa Rule of Criminal Procedure 8(2)(b). We therefore reverse defendant's conviction and remand for further proceedings consistent with this opinion. On remand the State may reinstate the charge dismissed in contemplation of a valid plea, *see Sanders,* 309 N.W.2d at 147, or re-indict Hack under a code section supportable by the available evidence, *see Galbreath,* 525 N.W.2d at 427.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.**