# IN THE COURT OF APPEALS OF IOWA

No. 4-058 / 13-1027
Filed March 12, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SPENCER LEE HORAK,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Thomas L. Koehler (guilty plea) and Robert E. Sosalla (sentencing), Judges.

Spencer Horak appeals from a judgment and sentence following his pleas of guilty to forgery, false use of a credit card, and second-degree theft. **SENTENCE VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

Mark C. Smith, State Appellate Defender, and Stephen J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Jason Burns, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DOYLE, P.J.**

This opinion replaces the opinion filed February 19, 2014.

Spencer Horak appeals from a judgment and sentence following his plea of guilty to false use of a credit card, claiming his plea counsel was ineffective in permitting him to plead guilty where the record fails to disclose a factual basis for that crime. Because Horak entered a plea of guilty to a crime and the record failed to disclose a factual basis, his attorney failed to provide effective assistance, and prejudice is presumed. We therefore vacate the sentence entered on the false-use-of-a-credit-card charge and remand for further proceedings at which time the State may supplement the record to establish a factual basis for that crime. If a factual basis is not shown, Horak's plea must be set aside.

## I.    *Background Facts and Proceedings*

On November 16, 2012, Sara Haugland's car was burglarized in Cedar Rapids. Her driver's license, checkbook, and credit cards were taken from her car. Later that same day, Haugland's cards were used at Wal-Mart, Road Ranger, and Casey's. Haugland did not authorize any of these transactions.

An investigation of these transactions led police to Horak and his wife, Heather Bennett. Horak admitted he attempted to cash one of Haugland's checks at Hills Bank on November 16.[1] He admitted Bennett wrote the check out to him. Bennett admitted she forged the checks and stole the credit cards.

---

[1] Bank surveillance video shows Horak at the bank.

Horak was charged with two counts of forgery and two counts of false use of a credit card (FECR101659).[2] Horak was also charged with second-degree theft for separate conduct unrelated to Haugland's property (FECR101897).[3] Pursuant to a plea agreement, Horak pled guilty to one count of forgery, one count of false use of a credit card, and one count of theft in the second degree.[4] Horak pled guilty in person before the court on the forgery and theft charges. A plea by paper was entered on the false-use-of-a-credit-card charge.

Horak was sentenced to a five-year term of imprisonment on the forgery charge, and a five-year term of imprisonment on the theft charge, with the terms to run consecutively. He was fined $625 on the false-use-of-a-credit-card charge and the fine was suspended.[5]

Horak now appeals from his judgment and sentence on the false-use-of-a-credit-card conviction. He asserts his counsel was ineffective for allowing him to plead guilty to an offense for which there was no factual basis.

## II. Standard of Review

We review claims of ineffective assistance de novo. *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013). Although we often preserve ineffective-assistance claims for postconviction relief actions, "we will address such claims on direct appeal when the record is sufficient to permit a ruling." *State v. Finney*,

---

[2] The trial information also charges Bennett with the same offenses (FECR101658).

[3] The trial information also charges Bennett with the same offenses (FECR101943).

[4] The State agreed to drop the remaining charges under FECR101659 several other charges pending against Horak in a different case (FECR101650), and to not charge Horak as a habitual offender.

[5] False use of a credit card with charges totaling less than $1000 is an aggravated misdemeanor. Iowa Code § 715A.6(2) (2011). A fine of $625 is the minimum fine for an aggravated misdemeanor. *Id.* § 903.1(2).

834 N.W.2d 46, 49 (Iowa 2013). The record here allows us to address Horak's ineffective-assistance claim on direct appeal.

### III. Discussion

The district court informed Horak of his right to file a motion in arrest of judgment to challenge his guilty plea. *See* Iowa Rs. Crim. P. 2.24(3)(a), 2.8(2)(d). Because he did not do so, he raises his challenge on appeal as ineffective assistance of counsel. *See State v. Hallock*, 765 N.W.2d 598, 602 (Iowa Ct. App. 2009) (explaining the failure to file motion in arrest of judgment will not preclude a challenge if the failure resulted from ineffective assistance of counsel). To prevail on his claim of ineffective assistance of counsel, Horak must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The district court may not accept a guilty plea without first determining the plea has a factual basis. Iowa R. Crim. P. 2.8(2)(b). If Horak entered a plea of guilty to a crime and the record failed to disclose a factual basis, his attorney failed to provide effective assistance, and prejudice is presumed. *See State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010). A factual basis for a guilty plea may be discerned from: "(1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *See id.* at 768. When a defendant raises a factual basis issue, "the entire record before the district court may be examined."[6] *Finney*, 834 N.W.2d at 62. The record, as

---

[6] Because this case "involves an examination of whether counsel performed poorly by allowing [Horak] to plead guilty to a crime for which there was no objective factual basis in the record," any failure of the district court to explain "on the record" the evidence

a whole, must disclose facts to satisfy the elements of the crime. *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). We only need to "be satisfied that the facts support the crime." *Id.* A factual basis supporting a guilty plea does not have to establish guilt beyond a reasonable doubt. *State v. Sanders*, 309 N.W.2d 144, 145 (Iowa Ct. App. 1981).

For the crime of false use of a credit card, the State had to prove Horak used a credit card for the purpose of obtaining property or services with knowledge (1) the credit card was stolen or forged, (2) the credit card had been revoked or canceled, or (3) for any other reason the use of the credit card was unauthorized. *See* Iowa Code § 715A.6(1)(a). Under aider and abettor liability, Horak personally did not have to use a credit card with knowledge such use was unauthorized.[7] *See id.* § 703.1.

"To sustain a conviction on the theory of aiding and abetting, the record must contain substantial evidence the accused assented to or lent countenance and approval to the criminal act either by active participation or by some manner encouraging it prior to or at the time of its commission." *State v. Spates*, 779 N.W.2d 770, 780 (Iowa 2010). "Knowledge of the crime is essential, but neither knowledge nor presence at the scene of the crime is sufficient to prove aiding

supporting its finding of a factual basis is "an omission unrelated to the substantive claim being made." *See Finney*, 834 N.W.2d at 62.

[7] We are not persuaded by the State's contention that the record contains substantial evidence Horak committed false use of a credit card as a principal. We turn to whether there is substantial evidence to sustain his conviction on the theory of aiding and abetting. Section 703.1, the general provision for "[a]iding and abetting," provides:

All persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense or aid and abet its commission, shall be charged, tried and punished as principals. The guilt of a person who aids and abets the commission of a crime must be determined upon the facts which show the part the person had in it, and does not depend upon the degree of another person's guilt.

and abetting." *State v. Allen*, 633 N.W.2d 752, 754-55 (Iowa 2001). Guilt of a crime upon a theory of aiding and abetting "may be established by circumstantial evidence." *State v. Lott*, 255 N.W.2d 105, 107 (Iowa 1977) *overruled on other grounds by Allen*, 633 N.W.2d at 757.

Here, the record clearly establishes a factual basis for finding Bennett's false use of a credit card, but it does not establish a factual basis that Horak aided and abetted Bennett's crime. The minutes set forth that Haugland's stolen credit cards were used at Wal-Mart, Road Ranger, and Casey's without Haugland's authorization. Bennett admitted she stole the credit cards. According to a Wal-Mart employee, a female twice attempted to purchase merchandise by swiping Haugland's credit card. There is no evidence Horak was present at the time of those attempted transactions *or* that he had knowledge of the transactions prior to or during their occurrence.

In short, in contrast to the evidence supporting a factual basis for Horak's guilt on the forgery charge—he admitted Bennett wrote a check out to him and a bank surveillance video shows him at the bank—there is nothing in the minutes to support a finding Horak actively participated in or encouraged the act of unauthorized use of Haugland's credit card, aside from the circumstantial evidence that can be gleaned from the fact that *both* the checks and the credit cards were stolen. Since the minutes do not establish a factual basis for the plea, we must then look to Horak's written plea.[8]

---

[8] Again, in this plea by paper there was no plea colloquy regarding this offense. Nothing in the April 11, 2013 guilty plea proceedings on the other charges pertained to the false-use-of-credit-card charge.

The boilerplate on Horak's written plea stated, "By declaring myself guilty of this offense I admit to the Court that the Plaintiff (State) can prove all of the elements of this offense so that there remains no reasonable doubt and that there is a basis in reality which establishes my guilt." Further, the boilerplate provides that a defendant declare "I am guilty of the offense of _____ which is in violation of Section _____ of the Code of Iowa and I ask the Court to accept my plea." On the form signed by Horak, the first blank is filled in by the handwritten words "unauthorized use of credit card" and the second blank by the Code section of the offense, "715A.6." Horak's bare conclusory declaration that he is guilty of "unauthorized use of a credit card" is inadequate as a sole predicate for determining a factual basis for each element of the charge.[9]

Horak's written plea form for the false-use-of-a-credit-card charge is dated April 11, 2013, the day of the guilty plea hearing on the other charges. The form was filed June 11, 2013. The sentencing hearing was held on June 4, 2013, and the judgment and sentence is dated the same day. There is nothing in the record before us indicating the district court exercised its discretion in waiver of the plea colloquy, or discharged its duty to ensure Horak's plea was made voluntarily and intelligently and had a factual basis, and there is nothing in the record showing

---

[9] During a plea colloquy, the preferred method to establish a factual basis would be for the judge to ask the defendant, "What did you do?" *State v. Williams*, 224 N.W.2d 17, 18-19 (Iowa 1974). By asking the same question, a written plea of guilty could identify and disclose a factual basis for the plea. But the waiver of rights and plea of guilty form utilized in this case does not appear to have a "What did you do?" question. In contrast, we note a guilty plea form utilized by the Polk County District Court provides the following open-ended statement for a defendant to answer: "I did the following to commit this crime: _____." We believe this question is a more effective means by which to identify and disclose a factual basis via a guilty plea form.

the court even accepted Horak's plea.[10] With no showing of the court's acceptance of the plea, we obviously cannot determine whether the presentence investigation report (PSI), filed May 31, 2013, was before the court "at the time the plea was accepted." Even if we were to assume, *arguendo*, the court accepted the plea and that the PSI was before the court at the time the plea was accepted, the PSI is insufficent to establish a factual basis for the plea in this case. In relevant part, the PSI states: "[Horak] said a friend called and asked if he or his wife would use credit cards with the understanding that the cards were stolen. He said his girlfriend agreed. He said the credit card did not work, but

---

[10] In the form plea of guilty, Horak acknowledged giving up certain rights. Our supreme court has discussed the parameters of the waiver of certain procedural requirements in a plea of guilty to a serious or aggravated misdemeanor:

> [W]hile the rule embraces the use of written waiver forms, neither [case law] nor the waiver language of rule 2.8(2)(b) diminishes the importance and necessity of the court's role to ensure each plea is voluntary, intelligent, and supported by facts. Instead, [case law and the rule] simply recognize that the court, in making its required determination in misdemeanor cases, can use a defendant's written acknowledgement. The language of the waiver portion of the rule . . . explains why it . . . permit[s] the court to waive the procedures, subject to the approval of the defendant. . . . It allows the court, upon examination of a written plea, to waive the necessity of a full in-court colloquy. It does not give the defendant the right to waive the means for the court to determine that the plea is voluntary and intelligently entered.

*State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004).

This court recently found a plea by paper fatally defective when presented with procedural circumstances substantially similar to those presented in this appeal. *See State v. Earnest*, No. 13-0388, 2014 WL 472036 (Iowa Ct. App. Feb. 5, 2014). Following the precepts of *Meron*, the court vacated a district court's judgment and resulting sentence and remanded for further proceedings in conformity with Iowa R. Crim. P. 2.8(2)(b). *Id.* at *3. On appeal Earnest argued his counsel was ineffective in allowing him to plead guilty when there was "nothing in the record indicating the trial judge exercised his waiver discretion or otherwise discharged his duty to ensure Earnest's plea was made 'voluntarily and intelligently and has a factual basis' by making any of the required determinations set forth in rule 2.8(2)(b)." In his ineffective assistance of counsel argument, Horak challenges only the factual basis of his plea.

Additionally, we note the boilerplate of the guilty plea form utilized here is flawed in at least one respect. It does not inform a defendant of the information required by rule 2.8(2)(b)(3).

the checkbook did." At best, the statements show Horak's knowledge of the crime. It is a stretch to conclude the statements show Horak assented to or lent countenance and approval to the criminal act either by active participation or by some manner encouraging it prior to the time of its commission. Like the minutes of testimony and the form guilty plea, we find the PSI does not establish a factual basis for the plea.

The record as a whole, including the minutes of testimony, the form guilty plea, and the PSI, does not disclose facts to satisfy the elements of the crime of false-use-of-a-credit-card by Horak. Because Horak entered a plea of guilty to a crime and the record failed to disclose a factual basis, his attorney failed to provide effective assistance, and prejudice is presumed. *See Ortiz*, 789 N.W.2d at 764-65.

There may be additional facts and circumstances that do not appear in the minutes of testimony that would support a factual basis for Horak's plea on this charge. *See State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999) (finding that where a guilty plea has no factual basis in the record but where it is possible that a factual basis could be shown, it is appropriate to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis). We therefore vacate the sentence entered on the false-use-of-a-credit-card charge and remand for further proceedings at which time the State may supplement the record to establish a factual basis for the crime of false use

of a credit card.[11]  *See id.*  If a factual basis is not shown, Horak's plea must be set aside.  *See id.*

**SENTENCE VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[11] It is recommended that further proceedings on remand be done in conformity with rule 2.8(2)(b).