# IN THE COURT OF APPEALS OF IOWA

No. 13-0530
Filed April 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON L. TYLER,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer (guilty plea) and George L. Stigler (sentencing), Judges.

A defendant contends the serious-injury element of the crime of assault causing serious injury is not supported by a factual basis, and his attorney was ineffective in failing to challenge the defendant's guilty plea on that basis. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Linda Fangman, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, J.**

Brandon Tyler pled guilty to assault causing serious injury and assault by use or display of a dangerous weapon. On appeal, he contends "a factual basis did not exist to support" the "serious-injury" element of assault causing serious injury, and his attorney was ineffective in failing to challenge the plea on that basis. *See State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010) ("Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. Prejudice is presumed under these circumstances." (citations omitted)). We find the record adequate to address this issue on direct appeal. *See State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996).

Iowa Code section 702.18(1)(b) (2011) defines "serious injury" as follows:

Bodily injury which does any of the following:
(1) Creates a substantial risk of death.
(2) Causes serious permanent disfigurement.
(3) Causes protracted loss or impairment of the function of any bodily member or organ.

The minutes of testimony and attached reports reflect that Tyler stabbed Brady Lancaster five times in the thigh and shin areas of his left leg. The stabbing resulted in a chip fracture to Lancaster's left femur. One of the stab wounds severed a nerve in Lancaster's leg, resulting in a condition known as "drop foot." The injury prevented Lancaster from pulling his foot up and caused him to drag his foot when he walked. A physician advised a law enforcement officer that surgery could usually repair the nerve but Lancaster likely would experience a permanent loss of function.

During the plea proceeding, Tyler admitted to stabbing Lancaster, admitted that the stabbing resulted in the chipping of Lancaster's femur bone, and admitted that his action resulted in serious injury to Lancaster.

We conclude the record created up to and including the time of the plea[1] establishes a factual basis for the serious-injury element of assault causing serious injury. Accordingly, Tyler's attorney did not breach an essential duty in failing to challenge the factual basis for the plea.

We affirm Tyler's judgment and sentence.

**AFFIRMED.**

---

[1] We decline to consider a presentence investigation report that was not in existence at the time of the plea. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801 (Iowa 1990).