# IN THE COURT OF APPEALS OF IOWA

No. 16-2122
Filed September 13, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BRADLEY WILLIAM ARTERBURN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Lucy J. Gamon, Judge.

The defendant challenges his guilty plea to murder in the second degree.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

"Bradley Arterburn killed his mother's boyfriend, Robert 'Hank' Horovitz, by striking him with a battle axe and slitting his throat with a knife. At trial, Arterburn raised defenses of insanity and diminished responsibility, testifying that before and during the attack he experienced flashbacks to being sexual[ly] abused by his stepfather as a child. A jury convicted Arterburn of first-degree murder." *State v. Arterburn*, No. 13-0035, 2014 WL 1715061, at *1 (Iowa Ct. App. Apr. 30, 2014). On direct appeal, this court affirmed Arterburn's conviction but preserved certain claims for postconviction-relief proceedings. *See id.* at *9. Arterburn's conviction was subsequently vacated in postconviction-relief proceedings, and the matter was scheduled for retrial. Prior to the second trial, Arterburn pleaded guilty to murder in the second degree, in violation of Iowa Code section 707.3 (2011). Arterburn timely filed this appeal, challenging the validity of his guilty plea. He asserts his plea was not actually knowing and voluntary and was not supported by a factual basis.

Before addressing the merits of Arterburn's claims, we first address the issue of whether the defendant can challenge his plea. As a general rule, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). An exception to this rule exists, however, where the district court failed to adequately advise the defendant of the necessity of filing a motion in arrest of judgment and the consequences for failing to do so. *See* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on

alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."); *State v. Oldham*, 515 N.W.2d 44, 46 (Iowa 1994); *State v. Worley*, 297 N.W.2d 368, 370 (Iowa 1980) (holding defendant should not "suffer the sanction of rule [2.24(3)(a)] unless the court has complied with rule [2.8(2)(d)] during the plea proceedings by telling the defendant that he must raise challenges to the plea proceeding in a motion in arrest of judgment and that failure to do so precludes challenging the proceeding on appeal"). It is not disputed Arterburn failed to file a motion in arrest of judgment. We thus must determine whether the district court adequately advised the defendant pursuant to Rule 2.8(2)(d).

"We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d)." *State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016) (citing *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006)). The determinative issue is whether the district court conveyed the pertinent information to the defendant. *Straw*, 709 N.W.2d at 132. During the plea colloquy, the district court gave the following advisory to Arterburn:

> That does allow [fifteen] days between today's date and the sentencing date. It also allows for the possibility of filing what's called a motion in arrest of judgment. And, Mr. Arterburn, you have to file that motion no later than [forty-five] days from today's date but in no case later than five days prior to the date and time set for sentencing . . . . If you don't file that motion, then you cannot complain about any defects in these plea proceedings on appeal. Your attorney can tell you more about that right if you are interested in that right.

We conclude the district court substantially complied with Rule 2.8(2)(d) and the defendant is thus barred from directly challenging his guilty plea.

Substantial compliance does not require recitation of the exact language of the rule; conveying the substance is sufficient. *See Fisher*, 877 N.W.2d at 681. Here, the district court advised the defendant of the necessity of filing a motion in arrest of judgment to challenge his guilty plea, the time for filing the motion, and the consequences for failing to do so. We reject Arterburn's contention that the district court's use of the word "complain" was insufficient to convey the required information. A commonly understood meaning of complain is "to make a formal accusation or charge." *Complain*, Merriam-Webster Dictionary https://www.merriam-webster.com/dictionary/complain. In addition, the district court did not use the word "complain" in isolation. Instead, the district court informed Arterburn he had to file a motion in arrest of judgment to complain "about any defects in these plea proceedings on appeal." The entirety of the district court's statement was sufficient to alert Arterburn of the need to challenge his guilty plea by motion in arrest of judgment and the consequences for failing to do so.

Although Arterburn is barred from directly challenging the validity of his guilty plea, he may challenge the validity of his guilty plea indirectly within the framework of a claim of ineffective assistance of counsel. *See Straw*, 709 N.W.2d at 132–33 (holding while failure to file a motion in arrest of judgment to challenge a guilty a plea bars a direct appeal of conviction, "this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel"). Arterburn asserts several claims of ineffective assistance of counsel. Our review is de novo. *See State v.*

*Finney*, 834 N.W.2d 46, 49 (Iowa 2013); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

"The person claiming that his trial attorney was ineffective, depriving him of his sixth amendment right to counsel, must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom." *Taylor v. State*, 352 N.W.2d 683, 684–85 (Iowa 1984). A defendant must prove these elements by a preponderance of the evidence. *Id.* at 685. "[B]oth elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Prejudice generally exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Leckington*, 713 N.W.2d 208, 217 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In the context of a guilty plea, this means there is a "reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995) (citing *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985)). We reject Arterburn's contention that he should be entitled to relief upon a lesser showing. The case law in this area is well-established, and this court is not at liberty to overrule controlling precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Arterburn first claims his counsel was ineffective in allowing Arterburn to plead guilty where the plea was not actually knowing and voluntary. Specifically, Arterburn claims he entered his plea without understanding the meaning of

"malice aforethought," an element of the offense, and without a factual basis for the plea. Voluntariness requires an inquiry by the district court as to whether a defendant understands the nature of the offense and the legal consequences of the plea and was not compelled or otherwise coerced into making an involuntary plea. *See State v. Sisco*, 169 N.W.2d 542, 547 (Iowa 1969). A claim that a guilty plea was not actually knowing and voluntary relates to the defendant's subjective understanding of the plea proceeding. *See Finney*, 834 N.W.2d at 58. This requires the "court to delve into the accused's state of mind." *Id.* Because the object of the inquiry is the defendant's state of mind, the claim is particularly inappropriate for resolution on direct appeal where there is typically insufficient record relating to the claim. We thus preserve these claims for postconviction-relief proceedings.

Arterburn also asserts an additional challenge to his guilty plea. He contends the plea was not supported by a factual basis. Specifically, Arterburn contends there was insufficient record showing Arterburn acted with malice aforethought. In contrast to Arterburn's claims his plea was not actually knowing and voluntary, a challenge to the adequacy of the record establishing a factual basis supporting the guilty plea is an objective inquiry. *See id.* (explaining the difference between a due process challenge to a guilty plea and a challenge to the adequacy of the plea proceeding). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *Schminkey*, 597 N.W.2d at 788. Prejudice is inherent where the guilty plea is not supported by a factual basis. *See id.* (citing *State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996)).

Arterburn contends the record does not establish a factual basis supporting his plea to murder in the second degree because he could not remember anything related to the crime and stated as much during the plea colloquy. Arterburn relies on *State v. Perkins*, 875 N.W.2d 190, 194 (Iowa Ct. App. 2015), *State v. Elphic*, No. 14-0600, 2015 WL 408092, at *4 (Iowa Ct. App. Jan. 28, 2015), and *United States v. Culbertson*, 670 F.3d 183, 191–92 (2d Cir. 2012), in support of his argument that the plea lacks a factual basis where the defendant cannot remember the offense conduct.

We conclude the cases are distinguishable. In *Perkins*, *Elphic*, and *Culbertson*, the defendant affirmatively denied one or more elements of the offense. *See Culbertson*, 670 F.3d at 190 (holding no factual basis exists when "the defendant actively contests a fact constituting an element of the offense in the absence of circumstances warranting the conclusion that the defendant's protestations are 'unworthy of belief'"); *Perkins*, 875 N.W.2d at 194 (stating "[o]ur law will not permit a court to accept a guilty plea when a defendant affirmatively maintains a denial of facts necessary to support an element of the crime"); *Elphic*, 2015 WL 408092 at *4 ("Instead, Elphic flatly denied the conduct which arguably established a threat to commit a forcible felony, the element which enhanced the offense to harassment in the first degree."). Here, Arterburn did not affirmatively deny any of the elements of the offense. Instead, he stated he did not remember the events.

Arterburn's inability to remember the events on the night in question does not mean his guilty plea was not supported by a factual basis. "[T]his jurisdiction has no requirement that trial court must in all cases wring from defendant a

detailed confession satisfying each element of the offense charged." *State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974). Instead, the court can find a factual basis by "(1) inquiring of the defendant, (2) inquiring of the prosecutor, and (3) examining the presentence report." *Finney,* 834 N.W.2d at 58. In addition, the district court may look to the minutes of testimony where the minutes are acknowledged during the plea colloquy. *See id.* In short, the relevant inquiry is whether the record before the district court as a whole supports a factual basis for each element of the offense. *See State v. Amadeo*, No. 11-1426, 2012 WL 2122262, at *3–4 (Iowa Ct. App. June 13, 2012) (collecting cases).

When we examine the entirety of the record, we conclude Arterburn's guilty plea was supported by a factual basis. The elements of murder in the second degree are Horovitz died as a result of being struck by Arterburn and Arterburn acted with malice aforethought. Malice aforethought is defined as "that condition of mind which prompts one to do a wrongful act intentionally, without legal justification or excuse." *State v. Green*, 896 N.W.2d 770, 779 (Iowa 2017). Malice aforethought can be inferred from an attack with a dangerous weapon. *Id.* at 780 (noting "a rational juror could infer that one who uses a dangerous weapon intends to cause physical harm, and even to kill."). Here, Arterburn acknowledged the truth of the minutes of evidence. The minutes showed Arterburn, without legal justification or excuse, stabbed Horovitz multiple times with what was described as a machete, sword, or battle axe and then slit Horovitz's throat with a knife. Horovitz was "pronounced dead at the hospital" that evening. In addition, counsel stipulated an inference of malice aforethought could be drawn from the minutes of testimony. Under the circumstances, there

was a factual basis for the plea, and counsel was not ineffective in failing to challenge the guilty plea proceeding on this ground.

We preserve for postconviction-relief proceedings Arterburn's claims that his guilty plea was not actually knowing and voluntary. We deny Arterburn's claim that his plea was not supported by a factual basis. We affirm Arterburn's conviction for murder in the second degree.

**AFFIRMED.**