# IN THE COURT OF APPEALS OF IOWA

No. 19-0696
Filed July 22, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH JOHN EDWARDS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

A defendant challenges his felony convictions for second-degree theft and second-degree burglary, both subject to habitual-offender enhancements. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

Facing thirteen charges, including ten felonies, Joseph Edwards struck a bargain with the State. He agreed to plead guilty to theft in the second degree and burglary in the second degree, both enhanced because he was a habitual offender. In return, the State would dismiss the other eleven counts. The court accepted the guilty pleas and imposed concurrent sentences not to exceed fifteen years. Edwards now contends his attorney failed to ensure the plea-taking court explained the nature of the habitual-offender enhancement. Edwards also alleges his counsel allowed him to plead guilty when the record did not reveal a factual basis for his prior convictions. After examining what is required of the district court in the prior-conviction colloquy, we find the court substantially complied in this case. Thus, counsel did not breach an essential duty. Finding Edwards cannot show he was denied effective assistance of counsel, we affirm his convictions.

## I.    Facts and Prior Proceedings

In October 2018, Edwards asked M.A., a former co-worker, to cash two checks, totaling $1587.68, through M.A.'s bank account. M.A. deposited the checks and withdrew cash from the ATM for Edwards. But the checks did not clear. Later that month, Edwards broke into his cousin's house and stole her MacBook computer.

For these acts, the State charged him with second-degree theft, a class "D" felony, in violation of Iowa Code section 714.2(2) (2018), and second-degree burglary, a class "C" felony, in violation of Iowa Code section 713.5(2). The State added habitual-offender enhancements to both felonies. *See* Iowa Code § 902.8. The trial information included eleven other theft and forgery charges, which the

State agreed to dismiss as part of the plea bargain. To execute that bargain, Edwards signed a written plea agreement and acknowledged the minutes of testimony described his actions. The minutes listed the Woodbury County clerk of court, who was expected to testify that she is in charge of court records, including the files showing Edwards's prior felony convictions.

At his February 2019 plea hearing, Edwards admitted the factual basis for the two current offenses. As for the habitual-offender allegation, Edwards had this exchange with the court:

> THE COURT: And do you have two prior felony convictions?
> THE DEFENDANT: Two? Yes. Yep.
> Q.: Are you the same person as the defendant in Woodbury County criminal number FECR055349 on a charge of forgery with a conviction date of May 11, 2011? A.: Yes, sir.
> Q.: And are you the same person as the defendant convicted in Woodbury County criminal number FECR053054 on a charge of forgery and a conviction date of October 18, 2005? A.: Yes, Your Honor.

The court accepted Edwards's guilty pleas as "intelligently, voluntarily, and knowingly made." The court then advised Edwards that if he wanted to raise any "alleged defects or mistakes" in "any appeal to the Iowa Supreme Court" he would need to first timely move in arrest of judgment. Edwards did not move in arrest of judgment.

At sentencing, the court imposed two indeterminate fifteen-year sentences, to run concurrent to each other, but consecutive to a separate fifteen-year term Edwards faced for a probation violation. Edwards now appeals. He recognizes that because he did not move in arrest of judgment in the district court, he must raise his appellate claims through ineffective assistance of counsel. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

## II.      Scope and Standards of Review

We review de novo Edwards's claim of ineffective assistance in the handling of his guilty pleas.  *See State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020).[1]  We generally preserve such claims for postconviction proceedings unless we find a satisfactory record to review.  *Rodriguez*, 804 N.W.2d at 848.  Here, the record accommodates resolution on direct appeal.

## III.      Analysis

The "blueprint" for taking guilty pleas appears in Iowa Rule of Criminal Procedure 2.8(2)(b).  *State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002).  For felonies, the district court must conduct an in-court colloquy to satisfy that rule.  *State v. Moore*, 638 N.W.2d 735, 738–39 (Iowa 2002) (requiring "literal compliance" with the requirement that the court personally address defendant on the record).  Shortcutting that personal exchange may be cause for reversal.  *Id.* at 739.  But even in felony cases, we measure the information provided for substantial compliance.  *Myers*, 653 N.W.2d at 577–78.

The colloquy here, according to Edwards, lacked sufficient information about the habitual-offender allegations.  He contends his attorney was ineffective in not holding the plea-taking court to the mandates of *State v. Harrington*, 893 N.W.2d 36, 45–46 (Iowa 2017), which analyzed Iowa Rule of Criminal

---

[1] The legislature amended Iowa Code section 814.6 to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  That same legislation amended section 814.7 to bar appellate courts from deciding claims of ineffective assistance of counsel on direct appeal.  *See id.* § 31.  But these provisions do not apply to judgments entered before July 1, 2019.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).  Because the court entered judgment here in April 2019, we may consider Edwards's ineffective-assistance claims on direct appeal if the record is adequate.  *See Kuhse*, 937 N.W.2d at 627.

Procedure 2.19(9). In particular, Edwards asserts the court failed to inform him of the "nature of the habitual offender charge" and failed to ensure a factual basis supported his admission to the prior felony convictions.

To succeed on his ineffective-assistance claim, Edwards must show (1) counsel's performance fell below prevailing professional norms and (2) the faulty performance prejudiced his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We presume counsel performed competently unless Edwards proves otherwise by a preponderance of the evidence. *See State v. Doolin*, 942 N.W.2d 500, 507 (Iowa 2020). Normally, in the guilty-plea context, the prejudice standard requires defendants to show a reasonable probability exists that, but for counsel's omissions, they would not have pleaded guilty and would have insisted on going to trial. *State v. Petty*, 925 N.W.2d 190, 196 (Iowa 2019). But if counsel allows a client to plead guilty to a charge for which no factual basis exists, prejudice is inherent. *State v. Ross*, 941 N.W.2d 341, 346 (Iowa 2020).

Focusing on his claim that counsel allowed him to plead guilty without a factual basis for the prior offenses, Edwards asserts we can presume prejudice. *See State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996). Thus nowhere in his appellant's brief does he claim that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial on all thirteen counts.

Defending the plea process, the State contends Edwards cannot show prejudice because he "does not assert that he does not have two felony convictions or that either of his felony convictions were obtained without the assistance of counsel or a knowing waiver of counsel. Therefore, it is difficult to establish any reason why Edwards would reject a generous plea offer."

Before wading into the parties' dispute over the prejudice standard, we step back to see if plea counsel's performance fell below professional norms. Did counsel have a duty to insist the plea-taking court follow the rule 2.19(9) habitual-offender inquiry crafted in *Harrington*? *See* 893 N.W.2d at 45–47.

Distinct from the guilty-plea colloquy in rule 2.8(2)(b), rule 2.19(9) governs the trial of questions involving prior convictions. The latter rule describes the options for an offender facing increased punishment based on one or more prior convictions. Iowa R. Crim. P. 2.19(9). The offender exercises those options "[a]fter conviction of the primary or current offense, but prior to pronouncement of sentence." *Id.* The options include admitting or denying "that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel." *Id.* Under that rule, if the offender denies being the person previously convicted, they are entitled to a jury trial on the question of identity. *Id.* But no jury trial is available on the issue of legal representation for the prior offenses. *Id.*; *see Harrington*, 893 N.W.2d at 46. Those objections are heard and determined by the court. Iowa R. Crim. P. 2.19(9); *see Harrington*, 893 N.W.2d at 46. And according to the rule, the offender must assert those objections "prior to trial of the substantive offense in the manner presented in rule 2.11." Iowa R. Crim. P. 2.19(9).

When offenders take the first option—affirming both identity and representation or waiver of counsel for the prior convictions—the court must engage in a colloquy to safeguard the voluntary and intelligent nature of those

admissions. *Harrington*, 893 N.W.2d at 47. The *Harrington* majority developed this five-step protocol.[2] *Id.* at 45–46.

1. The court must inform the offender of "the nature of the habitual offender charge" and the resulting sentence under section 902.8. *Id.* at 45. *Harrington* required the court to "inform the offender that these prior felony convictions are only valid if obtained when the offender was represented by counsel or knowingly and voluntarily waived the right to counsel." *Id.* The court directed that "as part of this process, the court must also make sure a factual basis exists to support the admission to the prior convictions." *Id.* at 45–46.

2. "[T]he court must inform the offender of the maximum possible punishment of the habitual offender enhancement, including mandatory minimum punishment." *Id.* at 46.

3. The court must inform the offender of the trial rights enumerated in Iowa Rule of Criminal Procedure 2.8(2)(b)(4). *Id.* (*Harrington* clarified that offenders have the right to a jury trial on identity but not on the claim they were not represented by counsel nor validly waived counsel. *Id.*)

4. The court must inform the offender that by admitting the prior convictions, they lose the right to a trial. *Id.* And the court must inform the offender that the State need not prove the prior convictions were entered with counsel unless the offender raises that claim. *Id.*

---

[2] Two dissenting justices believed any changes to the habitual-offender colloquy should be accomplished "through amendments to Iowa Rule of Criminal Procedure 2.19(9), with public notice and opportunity for comment." *Harrington*, 893 N.W.2d at 48 (Mansfield, J., dissenting).

5. Finally, the court must inform the offender that any defects in the habitual offender proceedings must be raised in a motion in arrest of judgment or they are precluded on appeal. *Id.*

Edwards cites no case, and we find none, holding counsel has a duty to guarantee the district court follows the *Harrington* colloquy when a client is *pleading guilty* as a recidivist.[3] That said, the plea-taking court largely followed the above protocol because the *Harrington* majority borrowed the steps from rule 2.8(2)(b). *See* 893 N.W.2d at 45–46. For instance, the court informed Edwards of the maximum and mandatory-minimum punishments under section 902.8. Likewise, the court detailed the trial rights Edwards was giving up and the necessity of moving in arrest of judgment.

Yet Edwards eyes two gaps. He claims (1) counsel should have insisted the court better inform him about the nature of the habitual-offender enhancement and (2) counsel mistakenly allowed Edwards to plead guilty when the court did not tell him the prior felony convictions were invalid if obtained in violation of his right to legal representation. Without that information, Edwards contends the colloquy did not satisfy the "literal" compliance standard for felony pleas. *See Moore*, 638 N.W.2d at 738. But as explained above, the applicable standard is substantial compliance. *See State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). When applying that standard to the requirement that the accused appreciate the nature of the charges against him, our supreme court has held that trial courts need not explain

---

[3] Even if a future case did apply *Harrington* to guilty pleas where the charge is enhanced based on prior offenses, competent representation does not mean an attorney must be a "crystal gazer" who can predict changes in established law. *See State v. Schoelerman,* 315 N.W.2d 67, 74 (Iowa 1982).

every element of a crime if it is "apparent in the circumstances the defendant understood the nature of the charge." *Id.* (citation omitted).

We start with the nature of the habitual-offender enhancement. The written plea agreement explained that Edwards was pleading guilty to both offenses as a habitual offender. By initialing next to the final element of both offenses, he stipulated to having two prior felony convictions. *See* Iowa Code § 902.8. The plea agreement set out the dates and case numbers of those prior forgery convictions. At the plea hearing, the court asked the prosecutor to present the "essential terms of the plea agreement." The State did so, citing the habitual-offender charges. Edwards told the court he signed and understood the plea agreement. And Edwards assured the court he was aware of his criminal charges from the trial information and minutes of evidence. Edwards was in his mid-forties and had completed a GED. The record also shows Edwards pleaded guilty in 2018 to two other forgery cases, also as a habitual offender facing a fifteen-year sentence under section 902.9(1)(c). These facts leave little doubt Edwards understood the nature of the habitual-offender enhancement. *See Loye*, 870 N.W.2d at 151.

Next we turn to Edwards's claim that counsel allowed him to plead guilty without the court establishing that a factual basis existed for the habitual-offender enhancements. This claim lays bare the tricky question whether the "factual basis" for the prior felony convictions requires an admission by the defendant or some other source in the record verifying that the offender was represented by counsel, or knowingly and voluntarily waived the right to counsel, for those predicate offenses. *See Harrington*, 893 N.W.2d at 46–47 (mandating court "make sure a

factual basis exists to support the admission to the prior convictions" as part of the rule 2.19(9) process, but not specifying how that should be accomplished).

To safeguard accuracy, before entering judgment, the district court must satisfy itself that there is a factual basis for a guilty plea. *See State v. Sanders*, 309 N.W.2d 144, 145 (Iowa Ct. App. 1981). Judges generally meet that requirement by asking defendants themselves what they did. *See Ryan v. Iowa State Penitentiary, Ft. Madison*, 218 N.W.2d 616, 618 (Iowa 1974). That is not to say judges must "wring from defendant a detailed confession satisfying each element of the offense charged." *See State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974); *see also State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge."). For guilty pleas, a factual basis fills the void that would be satisfied by jury findings at trial. *See*, *e.g.*, *Finney*, 834 N.W.2d at 62 (holding factual-basis satisfied when minutes of testimony provided sufficient evidence from which a jury could have inferred the elements of the offense).

From that overarching purpose for requiring a factual basis, we narrow our focus to Edwards's admission to the prior convictions. When asked by the court at the plea hearing, Edwards verified he was the same person as the defendant convicted of felonies in 2005 and 2011. The court also asked Edwards if the minutes "accurately reflect[ed]" his involvement in the case. He said they did. The minutes included the expected testimony of the clerk of court, who maintained the records documenting those felony convictions. True, the minutes did not state whether the clerk's files showed Edwards had counsel or validly waived counsel.

Even so, "[n]ormally, the records of the prior convictions supply the evidence needed for the court to decide if the *Gideon* standard[4] was met." *See Harrington*, 893 N.W.2d at 47. And even if those records were silent as to whether Edwards had counsel, the onus is on him to "first introduce evidence tending to show that he was not in fact so represented." *See id*. at 47–48. Only then does the burden shift to the State to show "by a fair preponderance of the evidence" that Edwards was represented for his prior convictions. *See id*. at 48 (quoting *State v. Cameron*, 167 N.W.2d 689, 694 (Iowa 1969)).

After carefully reading *Harrington*, we conclude any objection that Edwards was not represented by counsel or did not validly waive counsel for the prior offenses is not a proper challenge to the factual basis for these guilty pleas. Why? Because it is not a fact determination for a jury.[5] *See Finney*, 834 N.W.2d at 62. Rather, it is a legal objection that even under rule 2.19(9) must be asserted in the form of a pretrial motion to the court. *See* Iowa R. Crim. P. 2.11.[6]

Because the plea record established that Edwards was the same person as committed the prior felonies, a factual basis existed for the habitual-offender

---

[4] *Gideon v. Wainwright*, 372 U.S. 335 (1963), guaranteed the right to counsel in state criminal prosecutions.

[5] Even if Edwards had evidence to shift the obligation to the State to prove he was represented on the prior offenses, the State's burden on this score is not proof beyond a reasonable doubt (as with the other elements of a criminal offense), but a fair preponderance. *Harrington*, 893 N.W.2d at 48.

[6] At the plea hearing, the court asked defense counsel if he knew of any possible defenses other than a general denial that would affect the outcome of Edwards's case. Counsel said he did not. Edwards does not challenge that response by counsel in this appeal. And for good reason, because "[i]t is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

allegations. Counsel did not breach a duty by allowing Edwards to plead guilty to the enhanced charges without a factual basis.

Edwards raises two more complaints about the guilty-plea colloquy, though they are not well delineated in his brief and get lost in the nature-of-the-offense and factual-basis issues. He argues counsel was ineffective in letting him plead because the court did not ask "whether his prior convictions were obtained with the assistance of counsel or whether the defendant knowingly and voluntarily waived his right to counsel for those proceedings." Similarly, the court never told Edwards that the State did not have to prove he had an attorney or properly waived counsel for the prior convictions unless he first raised that claim. *See Harrington*, 893 N.W.2d at 46.

We recognize it may be better practice for district courts to update their guilty-plea colloquy to provide these advisories when the offense is enhanced based on prior convictions. But on this record, Edwards cannot show he was prejudiced by counsel's performance.[7] In fact, he does not even allege that but for counsel's omissions he would have rejected the favorable plea agreement and insisted on going to trial on all thirteen offenses. *See Carroll*, 767 N.W.2d at 644. Because Edwards does not satisfy the *Strickland* standard, his convictions stand.

**AFFIRMED.**

---

[7] We recently reached a similar conclusion in *State v. Anderson*, No. 19-0900, 2020 WL 3569610, at *3 (Iowa Ct. App. July 1, 2020), which addressed guilty pleas to aggravated misdemeanors enhanced by prior theft convictions.