# IN THE COURT OF APPEALS OF IOWA

No. 18-0265
Filed September 26, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT ANTHONY COOPER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

Defendant appeals his conviction and sentence after pleading guilty to fourth-degree theft. **AFFIRMED.**

Jessica Maffitt of Benzoni Law Office, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Robert Cooper appeals his conviction and sentence after he entered into an *Alford*[1] plea for fourth-degree theft. First, Cooper claims that he received ineffective assistance of counsel because his counsel allowed him to enter into the *Alford* plea even though there was no factual basis for the plea. Second, Cooper argues that the district court erred by accepting the plea due to the lack of factual basis. We find there was factual basis in the record to support the plea and therefore the ineffective-assistance-of-counsel claim fails and the district court did not err by accepting the plea.

## I. Background Facts and Proceedings

On August 6, 2017, H.B. left a black Samsung Galaxy S5 cellphone in an unlocked vehicle, which was parked in a parking lot, while he went to work. H.B. left the vehicle unattended between 3:00 p.m. and 9:00 p.m. When H.B. returned to the vehicle, the cellphone was no longer inside. H.B. suspected that the cellphone was lost until his stepfather received several calls from the cellphone by an anonymous person who would not speak.

On November 10, law enforcement received a call from a company that processes used electronics stating they had received a stolen cellphone notification for a phone deposited into a kiosk located inside a Wal-Mart in Altoona.[2] A Wal-Mart employee told law enforcement that the cellphone was

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a defendant to plead guilty to a crime without admitting participation in the underlying facts that constitute the crime).
[2] This kiosk is called an ecoATM, which is "an unstaffed kiosk that exchanges cash for electronic devices through an automated process. When used for such a transaction, the machine takes photographs and also requires a fingerprint and a scan of the seller's driver's license." *People v. Braxton*, 72 N.Y.S.3d 238 (N.Y. App. Div. 2018).

deposited in the kiosk on October 7. The employee also disclosed that when a person deposits a cellphone into the kiosk, that person must provide their information and a photograph, and the cellphone is held for thirty days before being transferred to another company that will resell the cellphone. Wal-Mart provided law enforcement with a video of the person depositing the cellphone in the kiosk. Based on this information, law enforcement identified Robert Cooper as the person who deposited the cellphone.

Law enforcement contacted Cooper about the cellphone. Cooper stated that he fixes cellphones and he frequently deposits cellphones in the kiosk in exchange for cash. He also stated that he purchases used cellphones from Goodwill and other sources. At first, Cooper told law enforcement that he was not sure how he obtained the specific cellphone because he purchases many used cellphones and had multiple Samsung Galaxy S5 phones at one point. Later, Cooper stated that he remembered purchasing a bin at Goodwill that contained various items, including two Samsung Galaxy S5 cellphones. He also said that he did have the receipt, but the receipt only indicated that he purchased a bin from Goodwill; specific items were not listed on the receipt. Law enforcement spoke with the Goodwill store that Cooper identified, and an employee informed them that Goodwill store does not sell or recycle cellphones and it would be rare for them to miss a cellphone when organizing items for sale.

On November 28, Cooper was arrested for third-degree theft.[3] On January 18, 2018, Cooper entered into an *Alford* plea to a lesser-included offense, theft in

---

[3] The definition of theft used in this case refers to a person who "[e]xercises control over stolen property, knowing such property to have been stolen, or having reasonable cause

the fourth-degree.[4]  Cooper appeals his conviction and sentence, asserting his counsel was ineffective for allowing him to enter into the plea without a factual basis and the district court erred in accepting the plea without a factual basis.

## II.  Standard of Review

We review the claim of a lack of factual basis to an *Alford* plea for the correction of errors at law.  *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001); *State v. Martin*, 778 N.W.2d 201, 202 (Iowa Ct. App. 2009).  However, ineffective-assistance-of-counsel claims are reviewed de novo, and this would include such claims that are coupled with the claimed lack of factual basis.  *Keene*, 630 N.W.2d at 581.

## III.  Assistance of Counsel

The first claim that Cooper raises is that he received ineffective assistance of counsel because his counsel allowed him to enter into an *Alford* plea when there was no factual basis for the guilty plea.  For a claim of ineffective assistance of counsel to succeed, the defendant must prove that counsel failed to perform an essential duty and that such failure caused the defendant to be prejudiced.  *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).  The defendant must prove these

---

to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer."  Iowa Code § 714.1(4) (2017).

[4] Fourth-degree theft is a serious misdemeanor and is defined as "[t]he theft of property exceeding two hundred dollars in value but not exceeding five hundred dollars in value."  Iowa Code § 714.2(4).  The minutes of evidence state that the value of the cellphone was $500.  Cooper acknowledged in the petition to plead guilty that the minutes of evidence would be used to make a determination on the evidence for guilt.  Cooper did assert that the valuation in the minutes of evidence may be inaccurate; however, he did not assert such argument until the reply brief.  "We have long held that an issue cannot properly be asserted for the first time in a reply brief."  *State v. Walker*, 574 N.W.2d 280, 288 (Iowa 1998).

requirements by a preponderance of the evidence. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

"We will find counsel failed to perform an essential duty if defense counsel allows the defendant to plead guilty to a charge for which no factual basis exists and thereafter fails to file a motion in arrest of judgment challenging the plea." *Brooks*, 555 N.W.2d at 448. "Prejudice in such a case is inherent." *Schminkey*, 597 N.W.2d at 788. "On the other hand, where a factual basis exists for the plea, counsel usually will not be found ineffective for allowing the defendant to plead guilty." *Brooks*, 555 N.W.2d at 448. When determining whether there is factual basis for a guilty plea, the entire record must be taken into consideration. *Id.*

"[G]eneral criminal intent is an element of all theft offenses." *Eggman v. Scurr*, 311 N.W.2d 77, 79 (Iowa 1981). There are differing degrees of intent required for different definitions of theft, and the relevant definition in this case requires knowledge. *Id*; *see also* Iowa Code § 714.1(4). The relevant definition provides for an inference of knowledge:

> The fact . . . that the person is a dealer or other person familiar with the value of such property and has acquired it for a consideration which is far below its reasonable value, shall be evidence from which the court or jury may infer that the person knew or believed that the property has been stolen.

Iowa Code § 714.1(4).

Cooper told law enforcement that he fixes cellphones and also purchases old cellphones from Goodwill and other retailers. He stated that he used the kiosk to deposit cellphones and receive money in return. Since Cooper is in the business of purchasing, fixing, and reselling cellphones, he may have either known or had

"reasonable cause to believe" the device was procured by illegitimate means because he is familiar with the value of various cellphones. *See id.*

Additionally, an "inference has long been drawn that exclusive possession of recently stolen property, if unexplained or falsely explained, indicates that the defendant received it with guilty knowledge." *State v. Post*, 286 N.W.2d 195, 203 (Iowa 1979). When law enforcement first telephoned Cooper, he explained that he deposits many cellphones in the kiosk at Wal-Mart and was unsure which cellphone the officer was referring to. After the officer described the cellphone to Cooper, the line went dead. The officer was able to get in contact with Cooper again, and Cooper claimed he had no idea how he obtained the cellphone because he had multiple Samsung Galaxy S5 phones. However, he changed his story and said that he did purchase the cellphone from Goodwill. While he claimed that he could provide proof of purchase, he admitted that the receipt did not list the individual items that he purchased. Cooper's various and contradicting explanations as to how he came into possession of the cellphone may infer that Cooper obtained the cellphone with guilty knowledge. *See id.*

Furthermore, law enforcement contacted the Goodwill store that Cooper claimed to have bought the cellphones from and was told that the store did not sell or recycle any cellphones. The Goodwill employee also stated that it would be a rare occurrence for employees to overlook a cellphone when preparing items for sale. Since it is a rare occurrence to find a cellphone in one of those Goodwill bins, let alone find two as Cooper later claimed, the inference is that Cooper provided a false explanation, which indicates Cooper obtained the cellphone with guilty knowledge. *See id.*

Based on the record, there is factual basis for the *Alford* plea. Since there is factual basis to support the plea, Cooper's claim of counsel failing an essential duty fails and ineffective assistance of counsel has not been proven. *See Brooks*, 555 N.W.2d at 448.

### IV. District Court's Acceptance of Plea

Cooper also claims that the district court erred in accepting the *Alford* plea despite the lack of factual basis. "The district court may not accept a guilty plea without first determining the plea has a factual basis," and such requirement applies when the plea is an *Alford* plea. *Schminkey*, 597 N.W.2d at 788. As stated in the previous section, there is factual basis to support the *Alford* plea. Because a factual basis exists, the district court did not err in accepting the plea.

### V. Conclusion

We conclude there was factual basis to support the entering and acceptance of an *Alford* plea for fourth-degree theft.

**AFFIRMED.**