# IN THE COURT OF APPEALS OF IOWA

No. 18-0299
Filed February 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KRISTEN FRANCES HARRIMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, William P. Kelly (first plea), Robert B. Hanson (second plea and sentencing), and Heather L. Lauber (revocation), Judges.

        Kristen Harriman appeals her convictions following *Alford* pleas to second-degree theft and third-degree theft.  **AFFIRMED.**

        Elena M. Greenberg of Greenberg & Hurd, LLP, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Kristen Harriman appeals her convictions for second-degree theft and third-degree theft. On appeal, Harriman contends her trial counsel was constitutionally ineffective for permitting her to enter *Alford* pleas without a sufficient factual basis for the pleas and failing to file a motion in arrest of judgment.[1] We find a sufficient factual basis existed for Harriman's *Alford* pleas and counsel did not provide ineffective assistance.

## I.      Background Facts & Proceedings

On July 30, 2016, a ranger impounded a car at Jester Park, leaving its occupants, Harriman and David Wicker, on foot. On July 31, Jester Park Golf Course reported the clubhouse had been broken into and a truck, tools, and two lock boxes of employee records had been taken. On August 11, Missouri state park rangers conducting a consent search of Wicker and Harriman's campsite in Wallace State Park found the truck, tools, and records from the golf course. Harriman told the rangers the couple had purchased the vehicle without a title.

On November 18, the State filed a trial information charging Harriman individually, by joint criminal conduct, or by aiding and abetting another with second-degree theft, third-degree theft, and third-degree burglary. At a December 14 plea hearing, Harriman attempted to plead guilty to third-degree burglary and third-degree theft. Harriman's statement to establish the factual basis for her plea to the burglary charge indicated Wicker had gone to get the truck while

---

[1] In an *Alford* plea, a defendant enters a guilty plea acknowledging the State has strong evidence of actual guilt but claims innocence or otherwise does not admit guilt to the underlying facts establishing the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

Harriman remained at their campsite. The court rejected Harriman's guilty plea to third-degree burglary, finding an insufficient factual basis to support the burglary plea due to her statement she did not enter the structure. The court halted the plea hearing without reaching the third-degree theft charge.

A second plea hearing occurred January 3, 2017, and Harriman entered *Alford* pleas to second-degree theft and third-degree theft. When the court asked Harriman if she thought she would probably be convicted if the witnesses testified as indicated in the trial information and minutes of testimony, she answered, "Yes." The court found sufficient factual basis existed and accepted Harriman's pleas. At the February 15 sentencing hearing, the court deferred judgment on both counts and placed Harriman on probation for three years.

On December 29, a report of probation violation was filed, resulting in the court revoking Harriman's deferred judgment on January 26, 2018, adjudicating her guilty of second-degree and third-degree theft, and sentencing her to consecutive sentences of five and two years in prison. The court suspended her sentence and placed her on probation again. Harriman appeals, claiming ineffective assistance of counsel.

## II. Standard of Review

Appellate review for a lack-of-a-factual-basis challenge to a guilty plea is for correction of errors of law. *State v. Martin*, 778 N.W.2d 201, 202 (Iowa Ct. App. 2009). We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair

trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). Counsel's assistance is not ineffective if the underlying claim is meritless. *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015).

### III. Analysis

Harriman claims she received ineffective assistance of counsel when defense counsel allowed her to enter *Alford* pleas to two counts of theft without a sufficient factual basis for the pleas and then failed to file a motion in arrest of judgment. "It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v. Finney*, 834 N.W.2d 46, 54 (Iowa 2013). "It follows that no advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty." *Id.* at 54–55.

The record must include facts sufficient to satisfy all elements of an offense. *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). Because Harriman entered *Alford* pleas, we cannot rely on in-court admissions to establish the factual basis and must look to the rest of the record to determine if the facts available justify counsel allowing and the court accepting the plea. *State v. Rodriguez*, 804 N.W.2d 844, 850 (Iowa 2011). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Ortiz*, 789 N.W.2d at 768. The district court need not have evidence beyond a reasonable doubt that the

defendant committed the crime, just demonstrate facts to support the charge. *Finney*, 834 N.W.2d at 62.

Harriman notes her first plea was rejected by the court for lacking a sufficient factual basis. The court halted Harriman's first plea hearing after Harriman began to state on the record a factual basis for the burglary charge. Burglary includes as an element entry into an occupied structure, an element missing in Harriman's reported actions. *See* Iowa Code § 713.1 (2016). The court stopped the hearing before Harriman provided a factual basis for the third-degree theft charge, and it never ruled on the sufficiency of the factual basis for her plea to theft. The lack of a factual basis for the burglary charge does not affect the second plea hearing where the burglary charge was not part of the *Alford* plea.

Harriman entered *Alford* pleas to second-degree theft and third-degree theft. The second-degree theft charge related to the theft of the truck,[2] the third-degree theft charge covered the other property removed from Jester Park Golf Course. The elements of theft include (1) taking possession or control of the property; (2) with the intent to deprive the victim of the property; and (3) when taken, the property belonged to or was in the possession of the victim. Iowa Code § 714.1(1); Iowa Crim. Jury Instructions 1400.2 (2016). An additional element regarding value of the taken item determines the degree of theft. *See* Iowa Code § 714.2.

The record contains sufficient factual basis to support the theft charges against Harriman individually, by joint criminal conduct, or by aiding and abetting

---

[2] Iowa Code section 714.2(2) indicates that theft of a motor vehicle valued $10,000 or less, such as in this case, is second-degree theft and a class "D" felony.

another. The minutes of testimony provide evidence identifying the items taken from Jester Park Golf Course, who owned them, and their value. The minutes provide evidence rangers found the truck, tools, lock boxes, and personnel files stolen from Jester Park Golf Course in the possession of Harriman and Wicker during the Missouri campsite search. Possession of stolen property may create an inference supporting a conviction of larceny. *State v. Schminkey*, 597 N.W.2d 785, 791 (Iowa 1999). The minutes of testimony provide evidence Harriman told the rangers she and Wicker had purchased the truck in Iowa but was unable to produce documentation of the purchase. Harriman and Wicker took the property over state lines into Missouri. These facts support an inference Harriman and Wicker intended to permanently deprive the golf course of its property. We also note that contained within the truck was at least one reported stolen license plate. We find these facts sufficient to support criminal charges against Harriman in the theft of the truck and other Jester Park Golf Course property. *See Finney*, 834 N.W.2d at 62.

Because sufficient factual basis can be found in the record to support the charges, defense counsel was not ineffective for allowing her to enter *Alford* pleas or for not filing a motion in arrest of judgment. *See Halverson*, 857 N.W.2d at 635. We affirm Harriman's conviction and sentence.

**AFFIRMED.**